JOHN P. SQUIRE *vs.* CITY OF SOMERVILLE.

Middlesex. Jan. 14. — Sept. 8, 1876. COLT & ENDICOTT, JJ., absent.

Land, taken by a city to widen a highway, had been previously filled in by the owner, in pursuance of an order of the mayor and aldermen, to abate a public nuisance. *Held*, that the measure of damages was the value of the land as it stood at the time of the taking; and that an instruction that the jury were to allow the fair market value of the land taken, appraising it as land filled at the expense of the petitioner, was erroneous.

PETITION to the county commissioners for a jury to assess damages for the taking of land on September 16, 1873, for the widening of Milk Street in the city of Somerville.

At the trial before a sheriff's jury, it appeared that the land was formerly a part of the Miller's River Basin, and that, before the taking by the respondent, it had been filled by the petitioner at his own expense, in pursuance of an order of the mayor and aldermen of Somerville, dated June 16, 1873, passed in accordance with the St. of 1873, *c.* 304, to abate a nuisance. The petitioner, under objection, was allowed to put in evidence as to what was a fair price for filling the land taken; and the sheriff instructed the jury that, in computing the petitioner's damages, the jury were to allow him the fair market value of the land taken, appraising it as land filled at the expense of the petitioner, under the St. of 1873, *c.* 304, and the order of the mayor and aldermen.

The jury returned a verdict for the petitioner. In the Superior Court, the verdict was accepted; and the respondent appealed to this court.

*C. Robinson, Jr.*, for the respondent.

*H. W. Muzzey*, for the petitioner.

LORD, J. · We think the instruction to the jury by the sheriff authorized the jury to regard the cost of filling the petitioner's land, under the St. of 1873, *c.* 304, as a part of the value of the land, to be added to what its value would have been without the filling. This instruction was erroneous. The St. of 1873 was passed, requiring the land to be filled for the purpose of abating a nuisance. It was required, not for its special local benefit to that estate, but for the public good. The land filled may or may

not have been improved by the filling to the extent of the cost of the filling. That was done wholly *alio intuitu*. The fact that the owner was required by law to do it does not add the cost of doing it to the value of the land. If an act had been passed by which his whole establishment was liable to be declared a nuisance, requiring abatement by removal to some more remote position in reference to population, and if, after the removal of his buildings, a way had been laid out over their former site, the value of the land would not involve the cost of putting it into the situation in which the public authorities found it, when it was taken for a public use. It is not the case of expenditures made in adapting land and buildings to the uses to which they are applied. The instruction to the jury should have been to appraise the value of the land as the land was at the time of the taking. Whether the expenditures which had been made upon it were wise or unwise, whether voluntarily or compulsorily made, or whether made for one or another purpose, the cost of such expenditure is not necessarily to be taken as additional value to the land, as it would have been without such expenditure. *Verdict set aside.*