CHARLES O. STONE & another *vs.* INHABITANTS OF HEATH.

Franklin. Sept. 18. — Oct. 1, 1883. FIELD & W. ALLEN, JJ., absent.

A petition to the county commissioners alleged that a town laid out a town way of a certain width across the petitioner's land; that the land had been entered upon and possession thereof taken for the purpose of constructing the way; that the selectmen of the town awarded the petitioner a certain sum for his damages occasioned by the laying out of the way, "which sum is wholly inadequate as payment for his damages in that behalf sustained;" and prayed that a jury might be summoned to determine the matter of the complaint, and award to the petitioner such damages as he was entitled to receive. *Held*, that the petition was sufficient in form.

It is not necessary to set forth in detail all the elements of the damages claimed, in a petition to county commissioners for a sheriff's jury to assess the damages occasioned to the petitioner by the taking of his land for a town way.

At the trial before a sheriff's jury of a petition for the assessment of damages occasioned to the petitioner by the taking of his land for a town way, evidence is admissible to show the cost of fencing on each side of the way.

PETITION to the county commissioners, alleging that on June 1, 1881, and ever since, the petitioners were the owners of a certain parcel of land in Heath (described by metes and bounds); that on November 1, 1881, the respondent laid out a town way across said land, starting from a bar-way, about twelve rods from the southwest corner of said lot, and running thence in an easterly direction across said lot, twenty-eight rods, to land of H. N. Sharp; that, since said laying out, the land had been entered upon and possession thereof taken for the purpose of constructing said way, the same having been laid out two rods in width; that the selectmen of the town awarded the petitioners the sum of thirty dollars only for their damages occasioned by the laying out of said way, "which sum is wholly inadequate as payment for their damages in that behalf sustained;" and prayed that a jury might be summoned to determine the matter of the complaint, and award to the petitioners such damages as they were entitled to receive.

At the trial, before a sheriff's jury, before any evidence was offered, the respondent filed the following objections to the proceedings: "And now the respondent comes and objects to any hearing on the question of damages. Because it is not alleged that the petitioners, or either of them, are aggrieved by the assessment of damages by the selectmen of said town of Heath in the matter of laying out said way; and because no sufficient description of the cause of the damage claimed is given, or the manner in which the petitioners have been injured by the laying out of said way, and because it is not alleged that the laying out of said way has injured the property of the petitioners." The sheriff overruled the objections.

The petitioners offered evidence to show the cost of making fences on each side of said way. The respondent objected, because the cost of making and maintaining fences was no part of the land damages, and because no allegation of damages on account of fencing the road was alleged in the petition. The sheriff overruled the objections.

The jury returned a verdict for a larger sum than that awarded by the selectmen. In the Superior Court the verdict was accepted; and the respondent appealed to this court.

*C. C. Conant*, for the respondent.

*S. T. Field*, for the petitioners, was not called upon.

C. ALLEN, J. 1. The application was sufficient in form. In *Perry* v. *Sherborn*, 11 Cush. 388, relied on by the respondent, an application for a jury to determine the damages sustained by reason of the discontinuance of a town way was held insufficient, because it did not show that the applicants' land abutted on the way. But in the present case it was alleged that the way was laid out across the applicants' land, and that the land had been entered upon and possession thereof taken for the purpose of constructing the way, the same having been laid out two rods in width. It sufficiently appeared that they were injured in their property, and aggrieved by the assessment of damages.

2. It was not necessary to set forth in detail all the elements of the damages claimed; and it was proper to admit evidence of the cost of fencing, to aid the jury in determining the damages. *Commonwealth* v. *Norfolk*, 5 Mass. 435, 437.

*Judgment affirmed.*