JOHN L. MATHER *vs.* AMERICAN EXPRESS COMPANY.

Hampshire.   Sept. 18. — Nov. 1, 1884.   C. ALLEN & COLBURN, JJ., absent.

In an action against a common carrier for the loss of a package, delivered to him for carriage, containing a set of plans for a house, which have no market value and are useful only to the owner, the measure of damages is the cost of new plans, and other expenses reasonably incurred in procuring them, but does not include damages for the delay in constructing the house occasioned by the loss of the plans, if the carrier had no notice of the contents of the package, or of the use to which the plans were to be applied.

CONTRACT for the loss of a package containing a part of a set of plans for a house, delivered by the plaintiff to the defendant for transportation from Northampton to Boston. Trial in the Superior Court, without a jury, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff proved the delivery of the plans to the defendant at Northampton, and the loss of the same.

It appeared in evidence that the plaintiff procured an architect in Boston to prepare plans for a house, which were forwarded

to the plaintiff at Northampton, and approved by him ; and that a portion of the plans so approved by him were delivered to the defendant to be returned to Boston, where they were to be traced, and the tracings sent to the plaintiff at Northampton, to be there used by him.

The defendant objected to evidence of value of the plans beyond the amount required to be paid for procuring new ones. But the judge ruled that the plaintiff might show that they were designed for immediate use; that new ones could not be procured to replace them without considerable delay ; and that, because of the necessary loss of the use of them, they were worth more than the cost of reproducing them.

The plaintiff testified, among other things, as follows : " In 1882, I was engaged in building myself a house, and had these plans for building it. I am a mason and builder, and have been familiar with builders' plans and the work of architects, and have been accustomed to use them, and know the price and value of such work. The fair value of these plans, as plans designed for immediate use, was $170. I had already commenced the foundations of the building, and the plans were required for immediate use in building the house, and we needed them every day." On cross-examination, he testified: " I was requested by the architect to return the plans, and he would return them to me. They were going to the architect to be traced, so that he might have the originals and I the tracings. I delivered them to the defendant on November 3, 1882, and did not get the duplicates to replace them until November 27. I waited, I think, about ten or twelve days before ordering the new ones. The plans were worth to me more than they cost. I wanted to use them at that time. My preparations were all made to go on with the work. I let some of my men go, and kept some of them at work, but not to good advantage. The reason I stated the value at $170 was because I paid $50 for the new plans, and the damage occasioned by the delay was $120." There was no other evidence as to the value of the plans lost.

The defendant asked the judge to rule that, if the plaintiff procured, or could have procured, duplicate copies of the plans lost for $50, he could only recover in this action that sum, with

interest from the date of the writ. The judge declined so to rule, and ruled that the damage was the value of the plans at the time they were lost; that, in determining this value, the ordinary purposes for which such plans are used might be taken into account, and the facts that they were designed for immediate use, and that, in supplying their place, the plaintiff not only would be put to the expense of reproducing them, but would be obliged to postpone the use of them until new ones could be finished; and found for the plaintiff in the sum of $133.12. The defendant alleged exceptions.

*D. W. Bond,* for the defendant.

*J. C. Hammond,* for the plaintiff.

FIELD, J. It is not denied that the defendant is liable in damages for the reasonable cost of the new plans, and for other expenses, if there were any reasonably incurred in procuring the new plans; but it is denied that the defendant is liable in damages for the delay in constructing the house occasioned by the loss of the plans. It is assumed that the plans had no market value, and were only useful to the plaintiff. The rule of damages then is their value to the plaintiff. As new plans could not be bought in the market ready made, some time necessarily must be consumed in making them, and the plaintiff contends that the value of the plans for immediate use, or for use at the time he would have received them from Boston, if the defendant had duly performed its contract, is their value to him, and that this value is made up of the cost of procuring the new plans and the damages occasioned by the delay. Whatever he calls it, it is damages for the delay in constructing the house caused by the loss of the original plans that he seeks to recover. It does not appear that the defendant had notice of the contents of the package at the time it was delivered for transportation, or any notice or knowledge that the plaintiff needed the plans for the construction of a house which he had begun to build. The damages caused by the delay are not such as usually and naturally arise solely from a breach of the contract of the defendant to carry the package safely to its destination, nor were they within the reasonable contemplation of both parties to this contract, as likely to arise from such a breach. The fact that the plans had a special value to the

plaintiff, and could not be purchased, does not touch the question of including in the damages the injury to the plaintiff occasioned by reason of other contracts which he had made, and of work which he had undertaken in expectation of having the plans for use immediately, or after the usual delay involved in sending the plans to Boston, and in having them traced and returned to him. Damages for such injury are not given unless the circumstances are such as to show that the defendant ought fairly to be held to have assumed a liability therefor when it made the contract.

We think that *Hadley* v. *Baxendale*, 9 Exch. 341, which has been cited with approval by this court, governs this case.

The case of *Green* v. *Boston & Lowell Railroad*, 128 Mass. 221, on which the plaintiff relies, was an action to recover the value of an "oil painting, the portrait of the plaintiff's father." The opinion attempts to lay down a rule for determining the value of such a painting, when the plaintiff had no other portrait of his father, and when, so far as appears, it had no market value; but the opinion does not discuss any question of damages not involved in determining the value of the portrait to the plaintiff. The plaintiff in that case made no claim for damages occasioned by a loss of a profitable use of the portrait.

*Exceptions sustained.*