## NATHAN CUSHING *vs.* CITY OF BOSTON.

Suffolk.   March 10. — 24, 1887.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

At the trial of a petition for the assessment of damages, under the Pub. Sts. *c.* 49, § 16, caused to the petitioner's property by the laying out of a street in a city, it appeared that the city constructed a sidewalk in front of the petitioner's land two years after the laying out of the street and before this trial, but six months after a former trial, and fifteen months after the bringing of the petition. *Held,* that the petitioner was not entitled to recover, as an independent and substantive ground of damages, one half the cost of constructing the sidewalk, which he was liable to be assessed for in accordance with law, nor the expense of keeping the sidewalk clear of snow.

PETITION, under the Pub. Sts. *c.* 49, § 16, for the assessment of damages to the petitioner's property by the laying out of Sterling Street by the city of Boston. Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions, in substance as follows :

It appeared that nearly two years after the laying out of said street, and before this trial, but six months after a former trial, in which the jury did not agree, and fifteen months after the bringing of the petition, the city constructed a brick sidewalk on said Sterling Street, abutting on the petitioner's land, one half the cost of which was over $200 ; and that, under the Pub. Sts. *c.* 50, § 20, and the city ordinances in accordance therewith, it was usual and customary for the city to assess one half of the cost of sidewalks on the abutters, but that the building of brick sidewalks was never done except on petition of the abutters, and then only when the superintendent of streets deemed it advisable and had money to do it with.

The petitioner asked the judge to rule, that, on these facts, the amount of such probable assessment could be reckoned as an independent and substantive ground of damages sustained by the petitioner.

The judge declined so to rule, and ruled as follows: "It has appeared in the trial, and it is admitted, that, since the taking of the petitioner's land, a sidewalk has been built adjoining the premises in the new street. It is also admitted, that the law imposes on the owner of the premises, namely, the petitioner, the obligation to pay one half of the cost of the sidewalk; and also that it imposes on the owner or occupants of the premises the duty of keeping the sidewalk clear from snow, so as to be in this respect in a proper condition for travel; and evidence has been introduced tending to show, as it is claimed, the cost of the sidewalk, and also the probable cost yearly of keeping the sidewalk clear from snow. On the other hand, it is contended by the city, and that you should be satisfied on the evidence, that the work of keeping the snow from the sidewalk along such premises as these are shown to be is in fact usually done by the tenant and occupants, and involves no expense to the landlord or owner. All these questions of fact on both sides are for your consideration. But your verdict must have reference to the condition of things as they were at the time of the taking, and neither the owner's share of the cost of building the sidewalk, nor the expense, if the facts are as claimed by him, of keeping it clear from snow, can be laid before you and considered by you as in themselves substantive and independent elements or grounds of damage; but if you find as a fact that there was at the time of the taking of the petitioner's land, and growing out of that taking, a probability that a sidewalk would afterwards be built, involving expense to the owner, either in the erection or care of it, and that such probability affected the market value of his remaining premises, whether favorably or unfavorably, you will give it such force and influence in making up your verdict as you think it ought to have; and the evidence which has been laid before you on the subject of the sidewalk and the expenses it involves, or is likely to involve, to the petitioner, is only competent for you to consider in the manner and with the limitations here stated."

The jury returned a verdict for the respondent; and the petitioner alleged exceptions.

*E. H. Bennett & L. Cushing*, for the petitioner.

*T. M. Babson*, for the respondent.

DEVENS, J. While the petitioner was entitled to "all the damages done to" him, "whether by taking his property or injuring it in any manner," a street having been laid out over his premises, yet the value of the land taken and the damages to the remaining estate were to be assessed according to the injury done at the time of the taking. Pub. Sts. *c.* 49, § 16. *Parks* v. *Boston*, 15 Pick. 198. *Dickenson* v. *Fitchburg*, 13 Gray, 546. *Fairbanks* v. *Fitchburg*, 110 Mass. 224.

This general principle we do not understand to be disputed by the petitioner; but he contends that, as "nearly two years after the laying out of said street," but before the trial, although six months after a former trial (in which the jury did not agree), and fifteen months after the bringing of the petition, the city had constructed a sidewalk along his land abutting on the street, and assessed, according to the statute and the ordinances of the city, one half of the cost thereof (over $200), to the petitioner, he was entitled to recover this sum, "as a distinct and independent ground of damages sustained" by him.

This is, in effect, to contend that, although he was entitled to full compensation as soon as his land was taken, he is entitled to recover a definite sum of over $200 at the second trial, which he could not have recovered at the first, even if he might then have recovered for any possible future requisitions by the public authorities by reason of his ownership of the remaining land. It would also follow from his contention, that, if he had sold his remaining land after the street had been laid out and before the sidewalk assessment, while the purchaser would be compelled to pay it, the petitioner would be entitled to recover its amount.

The expenditure for a sidewalk was not caused by the laying out of the street, except remotely, and might never have been required. It was occasioned by the action of public authorities, who were entitled indeed, on proper proceedings, by the laying out of the land as a street, to construct a sidewalk along the same, a part of the expense of which might be assessed upon the abutters, but who might not take such action for many years

thereafter, and perhaps never. Nor does it appear but that such construction was ordered by reason of facts which occurred subsequently to the laying out, as by then ascertaining the great use made of the street by passengers.

The petitioner relies much on the rule which is established by several cases, that, where the erection and maintenance of a fence is the necessary, natural, and probable consequence incident to the taking of land for a highway, for the protection of the remaining land, it is an expense to be considered, and to a reasonable amount allowed, by the authorities by whom the way is established. *Holbrook* v. *McBride*, 4 Gray, 215, 220. *Stone* v. *Heath*, 135 Mass. 561. *North Bridgewater Parish* v. *Plymouth*, 8 Cush. 475. But this is the immediate result of the laying out of the way, and not a charge which had no existence at that time, and might never come into existence.

In the case at bar, while the petitioner was not permitted to recover his cost for building the sidewalk, nor the expense of keeping it clear from snow, as independent and substantive elements or grounds of damage, he was allowed to put in evidence of such cost and probable expense, and was permitted to recover any damages for the diminished value of the remaining land which might be shown to have been occasioned by the " probability that a sidewalk would afterwards be built, involving expense to the owner, either in the erection or care of it." These instructions were sufficiently favorable to the petitioner. If the liability thereafter to build and keep clean a sidewalk in the street as laid out did not depreciate the value of his remaining land, there is no reason why he should recover, as an independent element of damage when his land was taken, the amount subsequently assessed upon him for the cost of such sidewalk, or the expense he might incur in its care.

Whether the instructions were not more favorable than those to which the petitioner was entitled, and whether the probability of future public requisitions is an element of damage, and thus whether evidence of the cost of the sidewalk and of keeping it clean is admissible in connection with it, need not be considered. *Old Colony Railroad* v. *Plymouth*, 14 Gray, 155.

*Exceptions overruled.*