## NATHANIEL G. MANSON *vs.* CITY OF BOSTON.

Suffolk.    March 13, 1895. — May 23, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Eminent Domain — Assessment of Damages — Evidence of Acts subsequent to the Taking.*

At the trial of a petition for the assessment of damages caused to the owner of land taken in fee by a city for a public purpose, evidence is competent of a change of grade in the land taken, though established and made after the taking, which renders the construction of a retaining wall necessary to the safety of the petitioner's remaining land ; and the petitioner may recover the cost of such retaining wall as a part of his damages.

PETITION to the Superior Court for the assessment of damages caused by the taking of land by the park commissioners of the city of Boston.   Trial in the Superior Court, before *Dunbar*, J., who, after a verdict for the petitioner, reported the case for the determination of this court.   The material facts appear in the opinion.

*T. M. Babson*, for the respondent.

*R. M. Morse*, (*J. Duff* with him,) for the petitioner.

ALLEN, J.   The recent decision in *Butchers' Slaughtering & Melting Association* v. *Commonwealth, ante,* 386, goes far towards settling both of the questions presented in this case.   In that case a part of the petitioner's land was taken for a public sewer ; and it was held that the owner might put in evidence the reasonable cost of any necessary adaptation of his land to the new state of things produced by the public work for which the land was taken, if the adaptation and the cost were proper, having reference to the market value of the remaining part of the land ; and that evidence of the subsequent acts showing the mode of constructing the sewer might be received, when offered by the defendant for the purpose of reducing the damages, as competent to aid the jury in determining what the damages were.

The damages, to be sure, are to be assessed as of the time of the taking ; but when the taking is for a public purpose which may involve a change in the surface, since the damages are to

be fixed once for all, if they are estimated before the work is actually done, it is to some extent an estimate of prospective damages ; *Edmands* v. *Boston*, 108 Mass.,535, 547 ; but if they are estimated after the work has been done, it is more direct and simple to show just how the land is left, and we are of the opinion that this may be done, as an aid to the jury, even though the manner of construction, and the excavations or fillings which are to be made, are not fixed in advance. This indeed is often for the benefit of the defendant, as otherwise the jury, in estimating according to the full measure of the right acquired by the public, might allow more than they would upon seeing the work actually done.

The defendant, however, contends that no change of grade was established at the time of taking the petitioner's land, and that, as the taking was of the fee, the city might afterwards do upon its own land exactly what any other owner could do on his own land ; and that therefore no evidence of subsequent acts could be received. But when the city for public purposes takes a part of a man's land compulsorily, and is to pay the damages caused by such taking, the owner is entitled to compensation for the damage caused by such taking. If the city is to be an owner in fee, with the rights of such owner, the question is how much must it pay therefor ; and if one of its rights is to dig down the land, and thus injure the other land of the former owner, that is an element to be considered in estimating the damages.

But it is urged that the petitioner disclaimed seeking compensation for injury to his remaining land, and therefore the above considerations do not apply. There is a little uncertainty at first sight in the statement of the ground taken by the petitioner at the trial. The report states that he contended that the house nearest to the line of the cutting was diminished in value by the taking ; that he said he did not seek to recover any damages for injury to the remaining land ; but that he asked that the cost of a suitable retaining wall be included in his damages. Taking all of these various statements, especially in view of the course of the trial, it seems that he contended that one of his houses would be diminished in value unless there should be a retaining wall, because the driveway would not be safe ; but that, apart from

this, he made no claim for damages to his remaining estate. Under these circumstances, the waiver was not an absolute one, and the questions in respect to the retaining wall properly arose. The jury having found the erection of such a wall to be the best way of diminishing the damages, the cost of it might be included in the verdict. *White* v. *Foxborough,* 151 Mass. 28.

We therefore are of opinion that evidence might be received of the change of grade made by the park commissioners after the taking, and that the petitioner under the circumstances might recover the cost of a retaining wall as part of his damages.

*Judgment on the verdict.*