## JOSEPH H. BEALE *vs.* CITY OF BOSTON.

Suffolk. November 13, 14, 1895. — May 19, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Land Damages — Market Value — Evidence.*

At the trial of a petition for an assessment of damages for the taking by a city for a public street of a way which the petitioner has built and graded, retaining the ownership of the fee therein subject to rights of way and drainage which he has granted to the purchasers of abutting house lots, it is error to exclude evidence tending to show the value to him of the way other than its market value, but the damage to his remaining lots abutting on the way can be measured by the diminution, if any, of market value; and lots not abutting on the way are properly excluded from consideration. It is also error to exclude evidence of the fair value of the improvement made by the petitioner in grading the way and in putting a sewer into it, and also the increased cost of building on the petitioner's remaining abutting lots by reason of the existing city ordinances and regulations applicable to public streets, and the increased cost of removing the sand, sod, and loam therefrom.

If, upon the trial of a petition for an assessment of damages for the taking by a city for a public street of a way which the petitioner has built and graded through his land, evidence is introduced on the part of the city to show that the petitioner is benefited because the burden of repairing the street is no longer upon him, it is competent for him to show how much the fair cost of keeping the street in repair will be.

The value of land adjoining that for the taking of which an assessment of damages is sought cannot be shown by the opinion of an expert, but the evidence of such value is limited to actual sales.

A city took for a public street a way called T. Street, which B. had built through his land, retaining the ownership of the fee therein subject to rights of way and drainage which he had granted to the purchasers of abutting house lots, and owning also other lots abutting on T. Street, as well as some other land near by abutting on another street running from T. Street at right angles. At the trial of a petition by B. for an assessment of his damages for the taking, he was asked the following question, which was excluded: "What, in your opinion, was the diminution of the value of your entire holding on T. Street and the land adjacent thereto, that you still owned, by the taking of the street?" *Held,* that, exceptions of the petitioner having been sustained on other points, if the question, upon another trial, was limited so as not to include land which did not

abut on T. Street, the petitioner, if qualified as an expert, should be allowed to answer it.

At the trial of a petition for an assessment of damages for the taking by a city for a public street of a way called T. Street, which the petitioner had built and graded, retaining the ownership of the fee therein subject to rights of way and drainage which he had granted to the purchasers of abutting house lots, and owning also other lots abutting on T. Street, a witness for the city, who testified that, in his opinion, the value of the land remaining to the petitioner on T. Street was increased by the taking, gave as a reason that "the question of damage comes in as part of the reason; a man would prefer to have a case of damage against the city for accident than against an ordinary owner." *Held,* that the admission of this answer furnished no sufficient ground for a new trial.

PETITION to the Superior Court for a jury to assess damages for the taking by the respondent city, for a public street, of a tract of land belonging to the petitioner in that part of Boston formerly Dorchester, called Tuttle Street. At the trial, before *Hopkins,* J., the jury returned a verdict for the respondent; and the petitioner alleged exceptions, which appear in the opinion.

The case was argued at the bar in November, 1895, and afterwards was submitted on the briefs to all the judges.

*C. R. Clapp,* for the petitioner.

*F. E. Hurd,* for the respondent.

ALLEN, J. The petitioner had bought a tract of ten acres of land, and laid it out into house lots and streets, one of the streets being called Tuttle Street, which he had built and graded. He had sold various lots, with rights of way and drainage, but with no ownership of the fee in Tuttle Street, and he owned other lots abutting thereon, as well as some other land near by, abutting on another street running from Tuttle Street at right angles.

At the trial, the petitioner, in seeking to prove his damages caused by the taking of Tuttle Street, offered evidence tending to show its value other than the market value; but the court ruled that no evidence concerning the value of the land taken, i. e. the way itself, could be admitted except evidence as to the market value of Tuttle Street, subject to the easements which the petitioner had sold before the taking, and the market value of Tuttle Street after the taking, when it had become a public way. And the court instructed the jury that they should find the fair market value, before the taking, of the petitioner's land abutting on Tuttle Street, and add to it the

fair market value, before the taking, of the land embraced within the limits of the street, subject to the easements therein ; and that they should then find the fair market value of the first tract, after the taking, and add it to the fair market value of the second tract, after the taking; the damages to be awarded to the petitioner being the difference between the sum of the two market values before the taking, and the sum of the two market values after the taking.

The jury were thus limited exclusively to a consideration of market values; and this, having regard to the nature and situation of the land taken, we think was erroneous.   Ordinarily, where the value of lands or goods is to be ascertained, and they are of such a kind and so situated as to be available for sale in the ordinary course of trade or dealing, the market value is perhaps the best test, and under such circumstances it is usually adopted in this Commonwealth.   *Lawrence* v. *Boston*, 119 Mass. 126.   *Moulton* v. *Newburyport Water Co.* 137 Mass. 163, 167. But market value is not a universal test, and cases often arise where some other mode of ascertaining value must be resorted to. *May* v. *Boston*, 158 Mass. 21, 29.   *Boston & Albany Railroad* v. *Cambridge*, 159 Mass. 283.   *Handforth* v. *Maynard*, 154 Mass. 414.   *Mather* v. *American Express Co.* 138 Mass. 55.   *Green* v. *Boston & Lowell Railroad*, 128 Mass. 221.   *Murray* v. *Stanton*, 99 Mass. 345.   *Stickney* v. *Allen*, 10 Gray, 352.   *Boom Co.* v. *Patterson*, 98 U. S. 403, 408.   *Reed's petition*, 13 N. H. 381. *Troy* v. *Cheshire Railroad*, 23 N. H. 83.

The petitioner retained the ownership of Tuttle Street, subject to rights of way and drainage which he had granted therein. This title might not be salable in the ordinary course of dealing, and yet it might have a real value to him, for which he was entitled to be paid.   The damage to abutting lots could be measured by the diminution, if any, of market value.   Lots not abutting were properly excluded from consideration as too remote, and only affected in common with the rest of the neighborhood.   The petitioner was entitled to compensation for his interest which was taken in Tuttle Street, and for the injury, if any, to his remaining lots which abutted thereon.   Taking both together, how much loss did he suffer ?   How much less was the value of what he had left, after the taking, than the value of the

whole before the taking? *Lincoln* v. *Commonwealth*, 164 Mass. 368, 376. So far as the abutting lands are concerned, regard should be had to the market value; but so far as his interest in Tuttle Street is concerned, other considerations come in.

The court excluded evidence of the fair value of the improvement made by the petitioner in grading Tuttle Street, and in putting a sewer into it, and also the increased cost of building on the petitioner's remaining abutting lots, by reason of the existing city ordinances and regulations applicable to public streets, and the increased cost of removing the sand, sod, and loam therefrom. But in estimating the loss to the petitioner we think all these particulars might be considered, not as showing independent and distinct items to be added to his loss, (*Squire* v. *Somerville*, 120 Mass. 579,) but as elements which might be considered in determining the real value of what he had before the taking, and of what he had afterwards. *Central Bridge* v. *Lowell*, 15 Gray, 106, 111. *Cushing* v. *Boston*, 144 Mass. 317. *Butchers' Slaughtering & Melting Association* v. *Commonwealth*, 163 Mass. 386. *Manson* v. *Boston*, 163 Mass. 479.

Evidence having been introduced on the part of the city to show that the petitioner was benefited because the burden of repairing the street was no longer upon him, it was competent for him to meet this evidence by showing how much the fair cost of keeping the street in repair would be.

The evidence offered by the petitioner to show the value of adjoining land by the opinion of an expert was rightly excluded. Evidence as to the value of other land is limited to actual sales. *Thompson* v. *Boston*, 148 Mass. 387.

The following question to the petitioner was excluded: "What, in your opinion, was the diminution of the value of your entire holding on Tuttle Street, and the land adjacent thereto, that you still owned, by the taking of the street?" The objections urged to this question, in addition to the general objection that only market value could be considered, are, that the conclusions of a witness are not competent, and that the petitioner owned adjacent land that did not abut on Tuttle Street, and that he had no right to damages to those lots. We see no objection on the ground that the conclusions of the petitioner were asked for, but the question on another trial should

be limited so as not to include land which did not abut on Tuttle Street. If so limited, the petitioner, if qualified to testify as an expert, should be allowed to answer the question. *Vandine* v. *Burpee*, 13 Met. 288. *Hosmer* v. *Warner*, 15 Gray, 46.

A witness for the city, who testified that in his opinion the value of the land remaining to the petitioner on Tuttle Street was increased by the taking, gave as a reason that " the question of damage comes in as part of the reason ; a man would prefer to have a case of damage against the city for accident than against an ordinary owner." It is conceded on the part of the city that this is not a good reason. But we should not be inclined to grant a new trial simply because of the admission of this answer. It means, we suppose, merely that the petitioner would no longer be liable to claims for damages. If, in the opinion of the witness, this increased the value of the petitioner's remaining land which abutted on Tuttle Street, the fact that he was allowed to say so to the jury furnishes no sufficient reason for setting aside the verdict. See *Sawyer* v. *Boston*, 144 Mass. 470. The preference of an injured person would signify nothing as to the value of the remaining land.

No other exceptions taken by the petitioner are now insisted on.

In the opinion of a majority of the court, the entry must be,

*Exceptions sustained.*