CHARLES B. DANA & others *vs.* CITY OF BOSTON.

Suffolk.    March 6, 1900. — May 16, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Assessment of Land Damages — Evidence — Plan.*

At the trial of a petition for the assessment of damages to land from a change of grade of an adjacent public way, made under an order passed by the board of aldermen of the city of Boston in 1884, the petitioner was properly allowed to introduce in evidence the St. 1894, c. 439, by which the respondent was directed to lay out certain ways in a territory including the petitioner's land in accordance with a certain plan prepared in 1894, and also the plan referred to in the statute, for the purpose of aiding the jury in understanding the evidence introduced when they viewed the land, and of showing the changes made after the date of the order, and of presenting a desirable scheme for the use and improvement of the petitioner's land.

At the trial of a petition for the assessment of damages to land from a change of grade of an adjacent public way, made under an order passed by the board of aldermen of the city of Boston in 1884, the judge properly excluded evidence offered by the respondent that the petitioner, in accordance with an order of the board of health of Boston, acting under St. 1893, c. 342, had filled the land to a grade much below the grade to which he would have been obliged to fill in order to use his land had not the grade of the way been raised.

At the trial of a petition for the assessment of damages to land of the petitioner from a change of grade of an adjacent public way, made under an order passed by the board of aldermen of the city of Boston in 1884, the judge properly refused to rule as requested by the respondent, that if any ways in the vicinity of the petitioner's land were laid out by the respondent under St. 1894, c. 439, the value of the land taken therefor, and any damages caused to the remaining land of the petitioner by the laying out of such ways at the grades at which they were laid out, could then be recovered by the owner of the land.

PETITION, under Pub. Sts. c. 49, §§ 68, 69, for the assessment of damages to lands of the petitioners from a change of grade in Brookline Avenue, a public way in the city of Boston, made under an order of the board of aldermen, passed on September 16, 1884.

After the former decision, reported 170 Mass. 593, the case was tried in the Superior Court, before *Gaskill*, J., who allowed a bill of exceptions, in substance as follows.

After the jury had viewed the land the petitioners introduced in evidence, subject to the exception of the respondent, the St. 1894, c. 439, providing that public ways in a certain territory, which included the land of the petitioners, should be laid out and constructed in accordance with a plan marked " Back Bay Lands, Pierre Humbert, Jr., City Surveyor, April 10, 1894," and also introduced in evidence, subject to like exception, the plan itself, with testimony that such ways had been laid out at certain grades under that plan, and that it was a very good plan for locating streets through the petitioners' land.

The respondent offered in evidence the St. 1893, c. 342, by which the board of health of the city of Boston was authorized, if the public health so required, to order any land in that city not bordering immediately on tide water to be filled to the grade of eleven feet above mean low water, and offered to prove that, in obedience to an order of the board of health acting under that statute, the land of the petitioners had been filled to grade eleven, which was six grades below the grade of Brookline Avenue before it was raised. The judge excluded the evidence, and the respondent excepted.

The respondent requested the judge to instruct the jury that if any ways were laid out by it under the St. 1894, c. 439, the value of the land taken therefor, and any damages occasioned to the remaining land of the petitioners by the laying out of such ways at the grades at which they were laid out, could then be recovered by the owners of the land.

The judge declined so to rule, and gave instructions to the jury, to which no exception was taken.

The jury returned a verdict for the petitioners; and the respondent alleged exceptions.

*T. M. Babson*, for the respondent.

*R. M. Morse*, (*N. U. Walker* with him,) for the petitioners.

KNOWLTON, J. This is a petition for the assessment of damages to the lands of the petitioners from a change of grade in Brookline Avenue, at and near the place where it crosses the Boston and Albany railroad. The order under which the

change was made was passed on September 16, 1884, and the damages are to be assessed as of that date. The petitioners were allowed to put in evidence the St. 1894, c. 439, and the Pierre Humbert, Jr. plan referred to in that statute, and the respondent excepted. It is clear that the statute and plan were not competent for the purpose of showing how the rights of the parties were affected by acts of the public authorities subsequent to the order changing the grade of Brookline Avenue. But with the consent of both parties, as we suppose, the jury took a view of the premises, and saw, among other things, conditions and changes which arose under this subsequent act of the Legislature. It was permissible to aid the jury in understanding the evidence introduced in their view, by showing what changes had been made after the date of the original order, and how they were made. Moreover, the evidence was competent as presenting to the jury a scheme for the development of the property, which was said by some of the witnesses to be a proper and desirable plan for the use and improvement of the petitioners' land. In determining the damages it was proper for the jury to consider feasible methods of using the property in order to see how it would be affected by the change of grade in the use to which it would be likely to be put. *Dickenson* v. *Fitchburg*, 13 Gray, 546, 558. *Hartshorn* v. *Worcester*, 113 Mass. 111. *Marsden* v. *Cambridge*, 114 Mass. 490. *Stone* v. *Heath*, 135 Mass. 561. *Beale* v. *Boston*, 166 Mass. 53.

The judge might well exclude the evidence offered by the respondent, of the doings of the board of health under the act of 1893. There was no dispute between the parties that these doings had reference to conditions which were not in any way affected by the change of grade in the street. The filling, which the respondent offered to show that the board of health ordered, was only to a grade much below the grade at which the petitioners would have been obliged to fill in order to use their lands, if the grade of Brookline Avenue had not been raised.

The judge was not called upon to instruct the jury in regard to damages to be recovered for the laying out of streets according to the Humbert plan. *Sexton* v. *North Bridgewater*, 116 Mass. 200, 207. Such damages were not in issue in this case,

and there is nothing to show that the jury was asked to consider them. The damages which the petitioners sought to recover were for the effect of the change of grade upon the land, and particularly in reference to filling the land to make it conform to the higher grade of the street.

*Exceptions overruled.*