Riley, P. «7.
In this case the plaintiff had a finding in his favor. It is an action of contract or tort in which the plaintiff seeks damages sustained by reason of the defendant failing to return furniture which he had accepted for the purpose of re-upholstering. While the trial judge refused several of the defendant’s requests for rulings, only one has been argued by the defendant in his brief upon which the case was submitted without oral argument.
The defendant in his brief states: “The issue in this case is; what is the measure of damages in an action of contract or tort for the loss of used furniture.”
The request refused by the judge is as follows: ‘ That the plaintiff and his witnesses having testified that at the time of the delivery of the furniture to the defendant or at the time of conversion they did not know its fair market value, the plaintiff is not entitled to recover having failed to prove by a preponderance of the evidence the fair market value of the furniture.”
*74 As the judge’s refusal to grant this request is the only question argued by the defendant, we treat the other questions raised by the defendant’s requests which were refused by the trial judge as waived. In denying this request the judge quoted from Green v. Boston and Lowell Railroad Company, 128 Mass, at 226 and also cited the case of Sarkesian v. Cedric Chase Photographic Laboratories, Inc., 324 Mass. 620. In the last cited case the following-language is used: ‘‘ The ordinary measure of damages for the loss of property by a bailee, which property, as in this case, has no market value, is the actual value of the property to its owner. Stickney v. Allen, 10 Gray, 352 (stereotype plates). Green v. Boston & Lowell Railroad, 128 Mass. 221, 226 (portrait). This rule of damages is applied both in an action of tort for conversion and in an action of contract for failure to deliver the property. In determining such value the cost of the property may be taken into account and the practicability and expense of replacing it. Green v. Boston & Lowell Railroad, supra; Mather v. American Express Co., 138 Mass. 55 (architect’s plans); Murray v. Postal Telegraph Cable Co., 210 Mass. 188, 196, (custom made gowns); Woonsocket Machine & Press Co. v. New York, New Haven & Hartford Railroad, 239 Mass. 211 (explosive shells); Sedgwick on Damages (9th ed.) 250. As the plaintiff was entitled to recover at least the expense to him of replacing the roll of film there was no error in refusing to grant the requested ruling. Tinkham v. Wind, 319 Mass. 158, 160.”
In Woonsocket Machine and Press Company v. New York, New Haven & Hartford Railroad Company, 239 Mass. 211, which was an action against a carrier for failure to deliver certain explosive shells made under contract with the British Government the court cites with approval the case of Wall v. Platt, 169 Mass. 398. In that case on pages 405-407 the court says: “No general rule *75 can be laid down by which the amount of indemnity can be arrived at infallibly in all cases. In cases where the subject of insurance consists of commodities which are bought and sold in the market in the ordinary course of trade or dealing, the market value, as in cases of trover, would seem to furnish the best measure of ascertaining what amount will indemnify the insured for his loss. Beale v. Boston, 166 Mass. 53; Equitable Ins. Co. v. Quinn, 11 L. C. Rep. 170; Wehle v. Haviland, 69 N. Y. 448. In such cases market value usually is equivalent to market price, and the sum received by the insured would enable him to replace the goods which he had lost, with others equal to them in every respect, and thus restore him to as good a position as he was in before the fire occurred. But market value does not in all cases afford a correct measure of indemnity, and is not therefore ‘a universal test.’ Beale v. Boston, ubi supra. In some cases there is no market value, properly speaking, and in others, if there is, it plainly would not of itself afford full indemnity. Mather v. American Express Co., 138 Mass. 55; Green v. Boston & Lowell Railroad, 128 Mass. 221; Starkey v. Kelly, 50 N. Y. 676. . . . We also think that as to the furniture, personal effects, and other personal property, the market value, if there was one, would fail to furnish a satisfactory test of the actual loss. We assume that by ‘ other personal property’ is meant property of the same general description as the furniture and personal effects. It is true that the defendant offered testimony tending ‘to show that second hand household furniture, effects, and other personal property of the kind destroyed, were, at the time of the fire, commonly sold in Boston.’ But if we assume that Boston was the nearest place where such articles were bought and sold, and that the market value there would be evidence of the market value at the place of loss, we nevertheless think that a sum equal to the market value *76 would not indemnify the plaintiff for the loss which she has sustained. Such a value would depend largely on considerations which would have nothing to do with the real value of the article, or with their actual worth to the owner. And we think that, being in the plaintiff’s possession and used and kept for use by her in her house and about her person, without any intention or expectation on her part of selling them or of offering them for sale, they should be regarded as belonging in a sense to the person of the owner, and that the damages should be assessed according to the actual worth of the articles to her for use in the condition in which they were at the time of the fire, excluding any fanciful or sentimental considerations. ... We know of no more satisfactory way of arriving at this than to do as the auditor has done, namely, take the cost of the articles when new, the length of time they have been used, the condition they were in at the time of the fire, and from these facts determine what they were then worth to the owner.”
The judge found that the set consisting of the couch or divan and chair and also the platform rocker delivered by the plaintiff to the defendant to be repaired and re-upholstered by him were not returned to the plaintiff due to the negligence of the defendant and assessed damages in the sum of $350.
The plaintiff testified that he had purchased the set consisting of the divan and chair in 1937 for a price of $375; that they were in good condition and almost as good as new, and as valuable to him as when first purchased, except that it was old style; that the platform rocker was one that came from his wife’s mother and that he could not give it any money value.
This evidence seems to bring the case within the authority of the foregoing cases and justifies the refusal by the judge of the defendant’s request, above set out.
The report is therefore ordered dismissed.