Summerville, J.
The single question presented by this expedited appeal is whether the motion judge erred in allowing the defendant’s motion to dismiss for insufficiency of process in a case governed by G.L.C. 197, §9 (a). We affirm.
The record reveals that the plaintiff, Juanita F. McQuade, was formerly married to John F. McQuade. The plaintiff and John F. McQuade divorced in 1975. At the time of the divorce the McQuades had one minor child. John F. McQuade died in April, 1994.
The plaintiff brought suit against the defendant, Marilyn F. McQuade,[2] in her capacity as executrix of the estate of her former husband. According to the complaint, John F. McQuade "failed to pay child support to the plaintiff Juanita F. McQuade for forty (40) months totaling $11,350” as ordered by the Plymouth County Probate and Family Court at the time of their divorce in 1975.
Plaintiff commenced her suit on October 24,1994. The return of service noted on the summons indicated that service had been made by leaving the complaint and summons at the defendant’s “last and usual” place of abode on November 3, 1994.
On or about November 8, 1994, counsel for the defendant, Patrick E. Lowney, telephoned plaintiff’s counsel, Johnathan M. Feigenbaum, to request copies of the complaint, statement of damages and return of service. On November 17,1994, a general appearance and answer was filed by Attorney Lowney on behalf of the defendant
The answer filed by the defendant pleaded, among other matters, the affirmative defenses of insufficiency of process and insufficiency of service of process. Despite the assertion of these defenses, the plaintiff made no attempt to serve the defendant again or to perfect service in any other manner.
Thereafter, both parties participated in discovery and a trial date was assigned.
On June 20 1996, the defendant filed a motion to dismiss for failure to comply with the service of process requirements of G.L.c. 197, §9. The plaintiff opposed the motion and requested the judge to enter an order finding that service of process was properly made under Mass. R. Civ. P, Rule 4(g). Finding that “service of process did not comply with the statutory requirements” of G.L.c. 197, §9, the judge allowed the motion and entered an order dismissing the complaint. The plaintiff’s claim is now foreclosed under the one year statute of limitations found in G.Lc. 197, §9.
Discussion
The plaintiff concedes that she is a “creditor of the deceased” and that the provi *54 sions of G.Lc. 197, §9 apply to the commencement of this action. Plaintiff argues that the defendant received timely notice of her claim in accordance with the “purposes” of G.L.c 197, §9.
Requirements for service of process in an action commenced under G.L.c. 197, §9 are specific:
Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served [1] by delivery in hand upon such executor or administrator or [2] service thereof accepted by him or [3] a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate (emphasis added).
Although the Legislature plainly intended three methods of effecting service of process under section 9, the plaintiff argues that service of process made at the defendant’s “last and usual” address was sufficient under the circumstances presented by this appeal.
The plaintiff concedes that service of process in this matter was not attempted “in hand,” nor was a notice of claim filed with the proper registry of probate. Instead, plaintiff argues that defendant had “actual notice” of the claim against her and that her attorney’s conduct “manifested an intent to accept the summons and complaint on behalf of [the] client.”
Although defendant waited for more than one and one-half years before bringing her motion to dismiss, we conclude that the assertion of insufficiency of process included in the answer demonstrated that service of process made in the “last and usual” mode was never accepted by the defendant[3] and the motion judge’s ruling was correct as a matter of law.
In her memorandum of decision the judge wrote:
[a]lthough defendant’s attorney responded to the complaint, his response cannot be deemed to be acceptance of service required by [G.L.c. 197, §9], A defect in service is not cured by reason of the general appearance and answer filed by the defendant. Epstein v. Blender, 15 Mass. App. Div. 74 (1957). Corkery v. Philbrook, 58 Mass. App. Div. 195, 198 (1976). Although Epstein specifically dealt with the waiving of statute of limitations, the language is clear that an executrix does not waive the requirements of 197, sec. 9 by filing an answer and appearance.
The Epstein case cited by the trial judge is remarkably similar to the instant appeal. In Epstein, this court’s Appellate Division found that “[a]n executor or administrator has no greater power to waive the special statute of limitations limiting the time within which creditors of decedents may bring actions against admin *55 istrators or executors.” Epstein v. Blender, 15 Mass. App. 74, 76 (1957).
As in the instant appeal, the plaintiff in Epstein failed to comply with the specific service requirements of G.L.c. 197, §9 by leaving the summons and complaint at the “last and usual” place of abode of the defendant Conceding that service was not in compliance with the statute, the plaintiff argued that “any defect arising [from defective service of process] was cured by reason of the general appearance and answer filed by the defendant.” Id., at 75. Rejecting this argument, the court in Epstein stated that “[w]here there has not been compliance with the requirements of [G.Lc. 197, §9], a general appearance by the defendant... executor does not cure the defect.” Id., at 76.
The court in Epstein went on to consider whether the service of process requirements and the one year statute of limitations found in G.L.c. 197, §9 were equally requisite:
... not only must the action against the executor or administrator be commenced within one year, but that within that year, service must be made, in hand on the executor or administrator, or be accepted by such fiduciary, or in the alternative, a notice containing certain specified information with respect to the action must be filed in the proper Registry of Probate. Compliance with each of these elements in the statute is prerequisite to the plaintiffs right to maintain his action against the defendant on a claim against her intestate. Epstein, at 77.
Although the plaintiff characterizes the defendant’s demand for service of process in compliance with Section 9 as a “technicality,” the statute of limitations and the service of process requirements of G.L.c. 197, §9 have been strictly construed. See, Parker v. Rich, 297 Mass. 111 (1937);Rosenblatt v. Foley, 252 Mass. 188 (1925); Stebbins v. Scott, 172 Mass. 356 (1899). An executor or administrator “has no power to bind [an] estate by any promise or representation... which in effect waive[s] the short statute of limitations.” Nochemson v. Aronson, 279 Mass. 278, 282 (1932), quoting Bartlett v. Tufts, 241 Mass. 96, 99. Indeed, a creditor of an estate must be assumed to have known that an executor has no such power. Id.
The plaintiff argues that the motion judge erred in not following the lead of the U.S. Supreme Court in Hanna v. Plummer, 380 U.S. 460, 14 L. Ed. 2d 8, 85 S. Ct. 1136 (1965), where service of process upon an executor’s wife at her “last and usual” address was deemed adequate to commence an action in federal court under G.L.c. 197, §9. However, the question presented in Hanna was “whether, in a civil action where the jurisdiction of the United States District Court is based on diversity of citizenship between the parties, service of process shall be made in the manner prescribed by state law or that set forth in Rule 4(d) (1) of the Federal Rules of Civil Procedure.” Id., at 11.
Although the service of process requirements specific to Section 9 were disregarded in Hanna in favor of the cognate federal rule, the Supreme Court’s decision involved a determination of choice of law in diversity cases. In resolving a conflict between state and federal procedural rules, the Supreme Court in Hanna engaged in an analysis of the constitutional premises underlying the question of whether federal courts should be bound by state or federal rules of civil procedure in diversity cases. In short, the Supreme Court’s decision in Hanna did nothing to abrogate the procedural requirements of G.L.c. 197, §9 in the courts of this Commonwealth.
The plaintiff also argues that the motion judge erred in not following Holmquist v. Starr, 402 Mass. 92 (1988). The issue in Holmquist was not the sufficiency of service of process under G.L.c. 197, §9. Instead, the court in Holmquist considered the validity of the nullity doctrine as developed in Chandler v. Dunlop, 311 Mass 1 *56 (1942) and Brooks v. Boston & N. St. Ry., 211 Mass. 277 (1912).
The question of the nullity doctrine in Holmquist related to an action brought against a defendant who died prior to commencement of the action. The issue decided was the validity of a motion to amend the complaint where the plaintiff sought to substitute the (purported) defendant’s executor as defendant.
In Holmquist, service of process was made at the defendant’s last and usual address. An attorney acting on behalf of the decedent filed a “Defendant’s Answer” on behalf of the “Estate of John B. Starr” stating that the defendant had died prior to commencement of the suit. Plaintiff’s motion to amend the complaint to substitute the executrix as defendant was allowed.
Thereafter, the executrix filed a motion to dismiss which was allowed on the ground that “the Court lacks jurisdiction over John B. Starr, defendant’s intestate [sic] as he died prior to commencement of this action, and over defendant because as a matter of law the action was a nullity. (MRCP12[b] [2]) .’’ Holmquist at 93. The defendant’s motion to dismiss was initially affirmed by the Appellate Division of the District Court on the ground that "the purported action was a nullity because the action initially was filed against a defendant who was already deceased and, therefore, the substitution of the executrix was ineffective” Holmquist at 93, quoting Chandler v. Dunlop, 311 Mass. 1 (1942).
In appealing the application of the nullity doctrine in Holmquist, the plaintiff argued that “the defendant had actual notice of the complaint and would not be prejudiced.” Id., at 93. Although the plaintiff in the instant appeal states that “[t]he current appeal is similar [to Holmquist] in that the executrix has had notice of the claim and an answer has been asserted too,” we are not persuaded that it is relevant to the issue in this appeal. The plaintiff in Holmquist brought a personal injury action and was not a creditor of an estate bound by the requirements of G.L.c. 197, §9. The Holmquist court did not consider the adequacy of “actual notice” in light of tiie specific service of process requirements found in G.L.c. 197, §9. Rather, the court in Holmquist examined the development of the nullity doctrine and determined that the concept did not apply in circumstances where “a complaint was not initially filed in the proper party’s name or proper capacity, so long as the action is the one which the plaintiff ‘originally intended to bring.’” Holmquist, quoting Bengar v. Clark Equip. Co., 401 Mass 544 (1988).
The judge’s decision to allow the motion to dismiss was correct as a matter of law. Appeal dismissed.

 The defendant was married to John F. McQuade at the time of his death.

 The defendant’s answer clearly supports the contention that the defendant did not accept service in this matter. Two of the defenses asserted in the complaint
“SIXTH AFFIRMATIVE DEFENSE
And further answering, the Defendant says that process is insufficient and improper.
SEVENTH AFFIRMATIVE DEFENSE
And further answering, the Defendant says that service of process was insufficient and improper.”