Benjamin F. Cook *vs.* Samuel C. Loomis.

The general rule of damages in an action of trover is the value of the prop-erty at the time of conversion, with interest.

But the plaintiff is entitled to no more than his actual damage, and where the property is returned to him he can recover only for the detention.

Trover. The defendant, a constable of the town of Col-chester, attached the horse of the plaintiff as the property of one Hazard Wells, by virtue of three writs of attachment against him. Two days afterwards, Wells, acting as the agent of the plaintiff and at his request, procured one Ham-mond to receipt the property to the officer for the purpose of delivering it to him ;—and the same was on the same day

received by Wells from Hammond; he receiving it on behalf of the plaintiff, being authorized to do so.

On the trial of the case the defendant requested the court to charge the jury that the plaintiff was entitled to recover damages for the detention of the property only, and not for its full value. The court instructed them that the property, after the giving of the receipt, was virtually in the possession of the defendant as before,—that he could by virtue thereof demand the same at any time from the receipter, and recover damages for a refusal to deliver it to him, and that the plaintiff should recover, if at all, the full value of the property. The jury returned a verdict for the plaintiff for the full value of the property, and the defendant filed his motion for a new trial, for error in the charge.

*Halsey* and *Starkweather*, in support of the motion.

1. The property having been returned to the owner he could recover damages only for the detention, and not the full value of it. *Baldwin* v. *Porter*, 12 Conn., 473. *Curtis* v. *Ward*, 20 id., 204. *Squire* v. *Hollenbeck*, 9 Pick., 552. *Pierce* v. *Benjamin*, 14 id., 356. *Greenfield Bank* v. *Leavitt*, 17 id., 1. *Prescott* v. *Wright*, 6 Mass., 20. *Sheldon* v. *Sheldon*, 13 Johns., 220. 2 Pars. on Con., 471.

2. To allow the owner of property to recover its full value after he has received the property itself, would be inequitable and unjust, and would give him double damages. The rule of law is that the actual injury sustained is the measure of damages. *Hunt* v. *Haskell*, 24 Maine, 339. *Ingersoll* v. *Van Bokkelin*, 7 Cow., 670. *Hallett* v. *Novion*, 14 Johns., 273. *Erving* v. *Blunt*, 20 Ala., 694. *Sparks* v. *Purdy*, 11 Mo., 219. *Long* v. *Lamkin*, 9 Cush., 361. *Baker* v. *Freeman*, 9 Wend., 36.

*Wait* and *Crocker*, contra.

1. In actions of trover the rule of damages is the value of the property at the time of the conversion, with interest until the time of judgment. *Clark* v. *Whittaker*, 19 Conn., 319.

2. The receipt of the property by Hammond, with its de-

livery to Wells, does not make this case an exception to the general rule. *Lewis* v. *Morse*, 20 Conn., 211. *Howard* v. *Smith*, 12 Pick., 20. *Robinson* v. *Mansfield*, 13 id., 139. *Chamberlain* v. *Shaw*, 18 id., 283.

3. The recovery of a judgment in trespass or trover for the value of specific chattels, where the possession is obtained by tort, changes the title to them, and vests it in the defendant. 2 Kent's Com., 387. 4 Stark. Ev., 1547. *Campbell* v. *Phelps*, 1 Pick., 65. *Murrell* v. *Johnson*, 1 Hen. & Mumf., 450. *Floyd* v. *Browne*, 1 Rawle, 121. *Marsh* v. *Pierr*, 4 id., 273. *Carlisle* v. *Burley*, 3 Greenl., 250.

4. The horse was in the custody of the law, and not in any legal sense restored to the owner. The officer still had a special property in it which he could at any time assert. *Bond* v. *Padelford*, 13 Mass., 394.

HINMAN, J. . This was an action of trover, in which the plaintiff claimed to recover the value of his horse taken by the defendant, by virtue of several attachments, as the property of one Hazard Wells. The horse was first placed in the hands of Joseph C. Hammond, who gave to the defendant a receipt for it, in which he promised to redeliver it to the defendant on demand, and then Hammond delivered it into the hands of Wells, who was the agent of the plaintiff to receive it, and, being authorized so to do, did receive it back on behalf of the plaintiff; and the question is whether upon these facts the plaintiff is entitled as damages, to the full value of the horse, or only to damages for the detention while the horse was so taken and retained until its redelivery to his agent, Wells. There is no doubt that the general rule of damages in the action of trover is, the value of the property taken and converted, together with interest on that sum from the time of the conversion. This is ordinarily the precise measure of the injury which the plaintiff has received, and therefore, should be the measure of the damages to which he is entitled in order to make him good for his loss. But there are exceptions to this rule, founded upon the principle that sustains the rule itself,—that a plaintiff should

recover so much damages, and no more, as to compensate for his actual injury. No good reason, says Judge Church, can be suggested, consistently with moral principle, why greater damages should ever be recovered than have in truth been sustained, except in those cases where the law permits, by way of punitive justice, the recovery of vindictive damages. Here the property has been restored to the plaintiff, who is the lawful owner of it, and the motion says that it was received back on his behalf, by his agent so authorized to receive it. Of course he must have received it as its owner, and being its lawful owner, no person can take it from him except by force; and for such an injury he has his remedy. Why then should he recover for any thing more than the detention while he was deprived of the use of his property? Where the plaintiff purchased his own property at an auction sale of it, under legal process, the sum which he paid for it was held to be the measure of his damages, because that was the precise amount of his injury. *Baldwin* v. *Porter*, 12 Conn., 473. Here the plaintiff has obtained the restoration of his property without paying any thing, and therefore his damages should be nominal, in order to compensate for the technical injury arising from the unlawful detention of it for a time.

If the plaintiff had intended to make the officer responsible for the full value of the horse, he should not have procured its restoration. So far as he was concerned the taking was wholly tortious. The attachments against Wells gave the officer no authority over the plaintiff's property. As to him, the officer was a mere tortfeasor, who had no right to the property whatever, and so has no more right to demand that it should be returned to him by the true owner than he originally had to demand and take it from him. He ought therefore to pay for the injury arising from the tortious taking, but for nothing after its return. The case of *Baldwin* v. *Porter* has several times been reaffirmed in this court, and the law on the point ought now to be considered as settled. *Curtiss* v. *Ward*, 20 Conn., 204. *Clark* v. *Gaylord*, 24 id., 484.

As the superior court allowed the value of the property to be given as damages, we advise that a new trial be granted, unless the plaintiff will remit the damages down to a merely nominal amount.

In this opinion the other judges concurred.

New trial to be granted *nisi.*

---

# SUPREME COURT OF ERRORS.

## WINDHAM COUNTY, OCTOBER TERM, 1857.

Present,

STORRS, C. J., HINMAN AND ELLSWORTH, JS.