## FRANK LAZARUS vs. WILLIAM B. ELY.

The defendant attached the plaintiff's personal property, and a few days after abandoned that attachment, and attached it again on another writ. In the latter suit he afterwards obtained judgment, and the property was sold upon execution and the proceeds applied in part payment of the judgment. In an action of trespass and trover for the taking and conversion of the property, it was held that the damages which the plaintiff was entitled to recover were only for the original taking of the goods and their detention until the second attachment.

TRESPASS for taking and carrying away certain personal property, with a count in trover; brought to the City Court of the city of Hartford, and tried to the court before *Sumner, J.* Facts found and judgment rendered for the plaintiff. Motion in error by the defendant on the ground that the court erred in the rule of damages. The case is fully stated in the opinion.

*C. E. Perkins,* for the plaintiff in error.

*S. C. Dunham,* for the defendant in error.

PARDEE, J.   Lazarus, having for his own accommodation obtained Ely's endorsement upon his note, allowed it to go to protest; before paying it Ely prayed out a writ in due form of law against him, and thereon attached certain articles of personal property. Three days later, Ely, having paid the note, abandoned his writ and suit, re-attached the same property upon another writ, caused it to be duly returned to court, obtained judgment thereon, sold the property on execution for the sum of $130.50, and applied $118.77 towards the satisfaction of his judgment, the remaining $11.73 having been consumed in the expenses attendant upon the sale.

Lazarus brought this action of trespass and trover against Ely for the original taking, to the City Court of Hartford. That court laid down the following rule for the assessment of damages, namely, to the value of the property when first taken add the loss sustained by Lazarus by the unlawful detention until the second attachment; from the amount

deduct $118.77 by which his debt to Ely was reduced, and assess the remainder as damages. The court found the value of the property when taken to have been $175; from this was deducted the $118.77; and judgment was rendered against Ely for the difference, namely, $56.23. Ely filed a motion in error.

In *Baldwin* v. *Porter*, 12 Conn., 473, this court said as follows: "That the value of the property converted is the general rule of damages in an action of trover is admitted. To this rule there are exceptions. And both the rule and the exceptions proceed upon the principle that the plaintiff ought to recover as much damages as he has actually sustained and no more; which commonly is the value of the property, and hence the general rule. No good reason, consistently with moral principle, can be suggested why greater damages should ever be recovered than have in truth been sustained, except in those cases where the law permits, by way of punitive justice, the recovery of vindictive damages. Such damages are never recoverable in the action of trover. On this principle, if after conversion the property be restored before suit, damages for the detention only can be recovered." In *Curtis* v. *Ward*, 20 Conn., 204, Ward attached certain articles of personal property upon process legally issued against Curtis, and held possession thereof for about two months, when the attachment was abandoned, the endorsement of service erased from the writ, a new attachment and service made, and the writ with the endorsement of the last service was returned to court. Ward obtained a judgment, sold the property upon execution, and applied the proceeds in satisfaction of his judgment. Curtis, having brought an action of trover for the original taking, the court thus stated the rule of damages:— "The plaintiff insists that he is entitled to recover the value of the goods at the time of the conversion with interest. This claim of the plaintiff would be well founded, had he never, subsequent to the conversion, received any benefit from the property. Such undoubtedly is the general rule in relation to damages in an action of trover. * * But to this general rule there are certain exceptions, as well established,

says Morton, J., as the rule itself.   *Pierce* v. *Benjamin*, 14 Pick., 356.   Thus, if the property for which the action is brought has been returned to and received by the plaintiff, it shall go in mitigation of damages.   So, if goods are tortiously taken, and a creditor of the owner afterwards attaches them, and disposes of them according to law, and applies the proceeds in satisfaction of a judgment against the owner, such proceeding may be shown, not as a justification of the taking, but in mitigation of damages.   For it would be palpably unjust for the owner to receive the full value of his goods in their application to the payment of his debt, and then afterwards recover that value from another, who has derived no substantial benefit from his property.   This rule is not only in conformity with justice but has the sanction of authority. *Pierce* v. *Benjamin*, supra.   The case under consideration is not, in principle, distinguishable from those stated.   The evidence offered goes to show that the plaintiff has been once paid for his goods, by a legal appropriation of them to the payment of a judgment against him; and no principle of justice requires that he should be again paid for the same property.   The defendants ought to be responsible to the extent of the wrong they have committed and no further." This rule was re-affirmed in *Cook* v. *Loomis*, 26 Conn., 483.

It must therefore be considered as the law of this jurisdiction that Lazarus could recover damages only for the original taking of his goods and the detention of them until they were regularly attached.

There is error in the judgment complained of.

In this opinion the other judges concurred, except LOOMIS, J., who did not sit.