## E. D. BROOKS v. JACKSON MARTIN ET AL.

1. CHANCERY PRACTICE. *Bill to redeem land. Cross-bill against co-defendant for breach of warranty.*

A defendant against whom a bill has been filed to redeem land held by him as an equitable mortgagee under an absolute deed with warranty of title, has no right to file a cross-bill against his grantor, who is a co-defendant, to obtain a decree for the amount which may be due him on account of the breach of such grantor's warranty of title, in the event the complainant in the original bill shall be permitted to redeem the land.

2. SAME. *Cross-bill upon contemplated cause of action.*

A defendant in chancery cannot maintain a cross-bill against a co-defendant (nor could he maintain an original bill) upon a contemplated cause of action to arise if the complainant in the original bill shall obtain the relief which he seeks against such defendant.

APPEAL from the Chancery Court of Montgomery County.
HON. R. W. WILLIAMSON, Chancellor.

J. D. Butler, having bought a tract of land which he was unable to pay for, procured Jackson Martin to pay the purchase-money thereof, and on the 18th of November, 1871, caused the legal title to the same to be conveyed to Martin by an absolute deed in order to secure the repayment of the money thus advanced with interest, it being verbally agreed between Martin and Butler that upon such repayment the former should convey the land to the latter. On the 19th of January, 1877, Butler, still owing Martin a considerable amount for principal and interest of the money advanced to pay for the land, induced E. D. Brooks to pay the same, and had Martin to convey the land to Brooks by an absolute deed. Brooks then gave to Butler a bond for title, in which he obligated himself to convey the land to the latter upon payment of the money which he had paid to Martin, with interest.

On the 14th of March, 1873, Butler executed a deed of trust on this land to secure an indebtedness to J. C. Kelly & Co. In a suit instituted on the 9th of October, 1876, by J. C. Kelly & Co. against Butler, a decree of foreclosure of the deed of trust was rendered March 14th, 1877, and under this decree the land was sold on the 7th of May, 1877, and purchased by C. D. Kelly, a member of the firm of J. C. Kelly & Co. Butler was in possession of the land when it was conveyed to Martin and so continued till some time in the year 1878, when Brooks paid him about five hundred dollars and received possession of the land and a quit-claim deed thereto from Butler.

C. D. Kelly filed the bill in this cause on the 23d of June, 1877, against Butler, Martin, and Brooks, alleging that the conveyance of the land to Martin and that from him to Brooks were simply mortgages, and that the equity of redemption left in Butler had been conveyed by the deed of trust and bought by the complainant at the foreclosure sale, and asking to be permitted to redeem the land by payment of whatever sum of money might be found due to Brooks.

Brooks answered this bill and made his answer a cross-bill against Kelly, Martin, and Butler. In his cross-bill Brooks states that Martin's deed to him contained a covenant of warranty of

title to the land; that he has been compelled to pay out a consid-erable sum of money in order to get and retain possession of the land, and he is " informed and believes that he may lose a portion of the said land, or be compelled to pay out more money upon the final trial of this cause in order to relieve said land of incumbrances and claims adverse to that of the said Jackson Martin;" and he asks that if, upon final hearing of the cause, the court should decide that Kelly is entitled to redeem the land, an account may be stated between him (Brooks) and Martin to ascertain the sum of money due him on account of the breach of Martin's warranty of title, in-cluding the principal and interest of money paid by him to Martin, his solicitor's fees, and other expenses attending this suit, and that after deducting from such sum whatever amount Kelly may be re-quired to pay for the redemption of the land, a decree shall be rendered in favor of cross-complainant and against Martin for the balance due the former by the latter.

Martin demurred to Brooks' cross-bill on the grounds, among others, (1) that it contains no equity, (2) that it shows no cause of action against Martin, and (3) that it shows that Brooks has never been evicted from the land, and therefore he cannot sue upon Martin's covenant of warranty of title. The demurrer was sus-tained by the court, and Brooks appealed.

*Brantley & Smith*, for the appellant.

Ordinarily there can be no damages recovered for breach of covenants to real estate until after an eviction, and we only seek to have a decree against Martin for such damages as we may sustain by the judgment or decree of the court in favor of Kelly, and ask that the two decrees be made at the same time, not before an evic-tion. The decree of a court of competent jurisdiction requiring Brooks to pay out money to quiet or perfect the title to his land would be equivalent to an actual eviction, and we don't see how a decree rendered at the same time in favor of Brooks against Martin for damages sustained on account of a failure of title could be pre-mature.

*L. Brame*, on the same side.

It is not true, as assumed in the demurrer, that Brooks would be

without remedy against his warrantor in the absence of an actual eviction or a surrender of possession to the person holding the outstanding title or incumbrance. Without eviction and without a surrender of possession, the covenantee may pay off an outstanding title or incumbrance if it is absolutely necessary for him to do so to protect his title, and in such case he may be reimbursed by an action of *assumpsit* or by proceedings *in equity* against his warrantor. *Dyer* v. *Brittan*, 53 Miss. 270.

No counsel for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

The only question presented by this appeal is as to the action of the court below in sustaining Martin's demurrer to the cross-bill of the appellant, and that was correct, because the cross-bill does not contain any cause of action. It shows that the appellant apprehends that he may at a future day have a cause of action against Martin, but it is not allowable to make that the foundation of a present suit. If the appellant had the right to maintain an original bill against Martin by reason of the matters embraced in this litigation, he might maintain a cross-bill, but, as stated, it does not appear that he had any right of action when he exhibited his cross-bill.

*Decree affirmed.*