JOHN J. MARTIN *vs.* AUGUSTIN V. MURPHY & others.

Suffolk. December 4, 1913. — January 20, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Equity Pleading and Practice,* Cross bill. *Equity Jurisdiction,* Acquired for one purpose will be extended to connected controversies, To avoid multiplicity of suits.

It is well settled that the function of a cross bill is to obtain affirmative relief that cannot be granted under an answer, and that such a bill must be resorted to by a defendant whenever relief is sought against a plaintiff or a co-defendant.

Where a holder of a second mortgage of real estate brought a suit in equity to set aside a foreclosure sale, which he himself had caused to be instituted, on the ground of alleged inadequacy of price, and obtained an injunction preventing the completion of the sale, the purchaser at the foreclosure sale not being named in the injunction although notice of it was served on him, and such purchaser filed a cross bill praying to be relieved from all obligations under the contract of purchase of which performance had been prevented by the injunction and for damages, only his right to damages being contested by the original plaintiff, an award of damages on the cross bill made by the judge who heard the case was sustained on an appeal from the final decree made by him, as it did not appear that his findings were plainly wrong.

The objection that a cross bill is not pertinent to the case stated in the original bill can be raised only by a demurrer or an answer to the cross bill, and, where such objection is not so raised, it will be assumed that equity has jurisdiction on the ground that, having acquired it for one purpose, it will, to avoid multiplicity of suits, proceed to settle all matters within the pleadings connected with the principal controversy.

BRALEY, J. The allegations of the original bill, admitted by the answers, show that, having assigned to the defendants Maria E. Hatch and Lucy P. Hatch a half interest in the second mortgage, the plaintiff is in equity entitled only to the other half, although appearing of record to be the sole owner. It is also unquestioned, that, solely for the purpose of effecting a foreclosure, assignments were given to the defendants Augustin V. Murphy and C. William Hunt, with the understanding that they were to act in the interest of their respective principals. A foreclosure sale under the instructions of the plaintiff followed, at which the defendant Dunham, who complied with the conditions of sale, was the purchaser. While the sale was in process of completion,

the plaintiff having become dissatisfied with the proceedings because of alleged inadequacy of price and fraudulent conduct by Dunham, brought this suit to vacate the foreclosure and set the sale aside, in which he joined as defendants all the parties in interest. Upon his application and without notice, an injunction issued restraining the defendant assignees from accepting the balance of the purchase price and completing the sale by delivery of a deed under the power. The injunction having been served, no conveyance was made or tendered, and the purchaser, to whom we shall now refer as the defendant, filed a cross bill against Martin and Murphy asking to be relieved from any further obligations under the contract of sale because without fault on his part he had been unable to obtain title. If relief was decreed, he asked for reimbursement with interest of certain sums paid for the benefit of the plaintiff to the first mortgagee for overdue interest, taxes and expenses to prevent a foreclosure of the first mortgage which had been begun, and repayment with interest of the money deposited in part payment at the sale, with substantial damages for failure to obtain the property or for loss of his bargain. *Hallett v. Taylor*, 177 Mass. 6. *Boyden v. Hill*, 198 Mass. 477.

It is obvious that the defendant Murphy was the plaintiff's agent, but no question of misjoinder has been raised. The presiding judge, after hearing the merits, dismissed the original bill, while granting relief against Martin as prayed for in the cross bill.* But, while the evidence is reported with a memorandum of his decision, the stipulation of the parties forming a part of the record states that, with the exception of a failure to pay the amount assessed as damages, the plaintiff has complied with the final decree.

The question for decision therefore is whether so much of the decree as relates to damages should be reversed. It is well settled that the function of a cross bill is to obtain affirmative relief which cannot be granted under an answer, and such a bill must be resorted to by a defendant wherever relief is asked against the plaintiff or a co-defendant. *Holbrook v. Schofield*, 211 Mass. 234. *Atlanta Mills v. Mason*, 120 Mass. 244. It should be consistent ordinarily with the plaintiff's answer and defense to the original

---

* This final decree was made in the Superior Court by *Hardy*, J. The plaintiff, who was the defendant in the cross bill, appealed.

bill, and the relief sought must be of an equitable character. *Jackson* v. *Grant*, 3 C. E. Green, 145.   *Brooks* v. *Martin*, 62 Miss. 217.   Story Eq. Pl. (8th ed.) §§ 389, 393, 398 a.   The plaintiff does not contend that, because of his refusal to permit a conveyance and his repudiation of the sale the defendant could not treat the contract as terminated and sue for the breach, even if the alleged discrepancy between the selling price and the fair market value of the property might have made it inequitable to have given relief if specific performance had been sought.   *Earnshaw* v. *Whittemore*, 194 Mass. 187, 191.   *Clark* v. *Gulesian*, 197 Mass. 492.   He is thus compelled to take the position, that the defendant's claim for damages arises wholly from the issuance of the injunction without a bond having been required, and that consequently damages cannot be assessed unless the plaintiff is shown to have been guilty of either a malicious prosecution or a malicious abuse of process.   *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182, 211.   The issuance, continuance and dissolution of the injunction rested, it is true, in the sound discretion of the judge, who might have required a bond from the plaintiff, or the defendant, if so advised, could have moved for its dissolution.   The cross bill, however, does not seek damages because process was wilfully abused or the plaintiff acted maliciously and without probable cause by instituting suit under a bill which on its face appears to be within the jurisdiction of the court.

It is for the plaintiff to make out affirmatively that he is aggrieved, or in other words he has the burden of maintaining on the record that no damages should have been assessed.   *Whitcomb* v. *Whitcomb*, 205 Mass. 310, 313.   *Lufkin* v. *Hitchcock*, 194 Mass. 231, 236.   *Teasdale* v. *Newell & Snowling Construction Co.* 192 Mass. 440, 441.   But the defendant is not named in the writ of injunction, although by the plaintiff's direction it was served upon him, nor is any reference thereto found in the cross bill, or in the memorandum of decision, or in the plaintiff's answer to the cross bill.

The defense, moreover, that a cross bill should be dismissed as not being pertinent to the case stated by the original bill, is not available unless raised by demurrer or answer, which has not been done in the present case.   *Boland* v. *Ross*, 120 Mo. 208, 216.   If equity acquires jurisdiction for one purpose, it will to avoid mul-

tiplicity of suits settle all matters within the pleadings connected with the principal controversy. The defendant accordingly had the right to proceed as if relief had been sought under an original bill not demurred to, and the findings of the judge not appearing to be plainly wrong are to stand. Story Eq. Pl. (8th ed.) § 629. *Manheim* v. *Woods*, 213 Mass. 537. *Perry* v. *Pye*, 215 Mass. 403, and cases cited. The cross bill stating a sufficient ground for the decree for damages and nothing appearing in the record to show positively an assessment on the basis relied on by the plaintiff, the decree should be affirmed. *John Soley & Sons* v. *Jones*, 208 Mass. 561, 568.

*Ordered accordingly.*

*H. W. Ogden,* (*R. E. Tibbetts* with him,) for the plaintiff.

*O. E. Dunham,* (*D. C. Linscott* with him,) for the defendant Dunham.