WILLARD B. JACKSON *vs.* WILLIAM F. INNES.

Suffolk.　November 15, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Conversion. Damages*, In tort. *Evidence*, Of value, Opinion, Expert.

Where, at the trial of an action for the conversion of a boat, the only evidence was that during the night of June 16 "said boat was taken away by some person," and from June 20 to August 31 "was in the possession of the defendant," when at the plaintiff's request the defendant delivered it to him, and that the defendant had made changes which required a substantial outlay by the plaintiff to restore the boat to its former condition and which, even when it was so restored, had greatly depreciated its value, no justification of the intermeddling by the defendant was shown and a finding that the defendant converted the boat to his own use was warranted.

In the action above described it also appeared that the boat was designed and built as a pleasure boat for use by the plaintiff during the spring and fall and for letting during the summer, that the plaintiff had done nothing toward letting the boat during the summer because it was out of his possession, and that the defendant had derived no income from it; and it was *held* that, the plaintiff being entitled to full compensation for all damage suffered by him through the conversion, might recover for the loss of the use of the boat during the period of detention as well as the expense to which he was put in restoring it to the condition in which it was when taken by the defendant.

At the trial of the action above described, it was error to permit a witness, other than the plaintiff, to testify as to the fair market value of the use of the boat during the period of detention without its being shown that such witness had any general experience or qualification which would make his opinion admissible.

TORT for the conversion of a boat. Writ in the Municipal Court of the City of Boston dated February 8, 1915.

The pleadings, the evidence and the rulings of the trial judge objected to by the defendant are described in the opinion. The judge found for the plaintiff and at the request of the defendant reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

The case was submitted on briefs.

*W. E. Sisk & R. L. Sisk,* for the defendant.

*R. B. Stone & E. N. Jones,* for the plaintiff.

BRALEY, J.    The declaration alleges in substance that the defendant on or about the seventeenth day of June, 1914, with force and arms took and carried away the boat in question, and converted it to his own use, and for a long time deprived the plaintiff of the use, and destroyed portions of the upper works, and made various alterations, and broke, defaced and otherwise injured it, whereby the boat was rendered less valuable for the purposes of the plaintiff, and putting him to "great labor and expense to restore the boat to the condition in which it was when taken by the defendant."

The only evidence in support of the material allegations of asportation and conversion was given by the plaintiff, who testified, that "between the night of June 16, 1914, and the morning of June 17, 1914, said boat was taken away by some person, and from June 20, 1914, was in the possession of the defendant," when at his request the defendant delivered it to him on August 31, 1914. The record is silent as to the circumstances under which the defendant came into possession. But on the plaintiff's uncontradicted evidence it further appeared that the defendant had made changes which required a substantial outlay by the plaintiff before the boat could be restored to its former condition. The defendant offered no evidence, and even if it would be no defence that he had acted in good faith and in ignorance as to who was the owner, or what the owner's rights were, the circumstances under which it came into his possession do not appear. It being plain that as he could derive no title, right or authority from the plaintiff whose ownership is unquestioned, and who never voluntarily had parted with the boat, the defendant fails to show any justification for his intermeddling, and the trial judge rightly refused to rule that the plaintiff could not recover. *Stanley* v. *Gaylord,* 1 Cush. 536. *Varney* v. *Curtis,* 213 Mass. 309, 313, and cases

cited. The finding that he had converted it to his own use was warranted. *Scollard* v. *Brooks*, 170 Mass. 445, 448.

The second request, that the plaintiff can recover only nominal damages, and the fifth request, that "there is no evidence as to when the defendant obtained possession of the boat, except that for two weeks after receiving it he used the same, and therefore, he is not liable for any loss of rental to the plaintiff" could not have been given. The defendant not only had exercised dominion over, but had made material changes in the boat, which, even when restored to its original condition, had caused it to be greatly depreciated in value. It also was undisputed and the judge properly could find, that the boat was designed and built "as a pleasure boat for use" by the plaintiff "during the spring and fall and for letting during the summer; and that he had done nothing toward letting the boat in question during the summer because it was out of his possession." It is settled that ordinarily the measure of damages in an action for conversion is the fair and reasonable market value of the property with interest, or what the property was actually worth if there is no market value, or the special value to the owner if the article had an inappreciable commercial value. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway*, 187 Mass. 500. *Beecher* v. *Denniston*, 13 Gray, 354, 355. *Stickney* v. *Allen*, 10 Gray, 352. If after the conversion the property is returned and accepted as in the present case, acceptance mitigates and limits the damages to the difference between the value of the property when converted and the time when it is returned. *Lucas* v. *Trumbull*, 15 Gray, 306. The amount of the assessment, whether nominal or substantial depends on the evidence. The plaintiff who is entitled to full compensation for all the injury suffered also can have damages for the loss of the use of the boat during the period of detention. It is of no consequence that no income was derived from it. The defendant who is a wrongdoer cannot avoid liability on that ground. *Johnson* v. *Holyoke*, 105 Mass. 80. *Berry* v. *Ingalls*, 199 Mass. 77. *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220, 236, 237. *Electric Lighting Co. of Mobile* v. *Rust*, 131 Ala. 484. *Lazarus* v. *Ely*, 45 Conn. 504. *Williamson* v. *Barrett*, 13 How. 101. *The Conqueror*, 166 U. S. 110, 128. *The Cayuga*, 14 Wall. 270. And evidence of the fair market rental value for the use of the boat was admissible on the question of

damages.    *Cook* v. *Packard Motor Car Co.* 88 Conn. 590.    *Lyman*
v. *James,* 87 Vt. 486.

While the plaintiff as owner was properly permitted to give
evidence as to "What was the fair market value of the use of said
boat," the witness Graves, who "testified that boats of this kind
could be let by the week or season, and that the price therefor by
the season was from $125 to $130," and that the fair market value
of the use of the boat from June 20 to September 30, 1914, was
from $125 to $130, is not shown to have had any general expe-
rience, or to have possessed any qualifications which would make
his opinion admissible.    *Blaney* v. *Salem,* 160 Mass. 303.    *Lincoln*
v. *Commonwealth,* 164 Mass. 368, 380.    *Farnum* v. *Pitcher,* 151
Mass. 470, 475.    The evidence of Graves, which cannot be re-
garded and treated as not being prejudicial to the defendant,
should have been excluded, and the defendant having seasonably
objected to its admission the order of the Appellate Division dis-
missing the report must be reversed.

*So ordered.*