CHARLES P. POTIER & another *vs.* A. W. PERRY, INC.

Suffolk.    November 7, 1933. — June 4, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant,* Repossession by lessor, Unlawful detention of goods
by lessor. *Conversion. Equity Pleading and Practice,* Counterclaim,
Waiver of defect in pleading. *Damages,* In suit in equity. *Evidence,*
Of damage. *Rules of Court. Words,* "Transaction."

In a suit in equity for equitable replevin of goods, alleged by the plaintiff,
a lessee, to have been detained wrongfully by the lessor, the defendant,
when he took possession of the leased premises for breach by the lessee
of covenants in the lease, and for damages for such detention, it
appeared that the defendant rightfully repossessed himself of the
premises, but that he also put a padlock on the door, thus depriving
the plaintiff of access to his property from November to January,
when, after the suit was commenced, the defendant permitted him
to take his goods. The suit was retained for the assessment of dam-
ages and a final decree was entered assessing as damages interest on
the value of the goods during the period of detention and $90 for
interruption of the plaintiff's business. On appeal by the defendant,
it was *held,* that
    (1) A finding of wrongful detention was warranted;
    (2) The conduct of the defendant in preventing the plaintiff from
carrying on his business and in taking away from him custody of his
goods rendered the defendant liable in damages;
    (3) The circumstance, that after the lapse of several weeks the
plaintiff was permitted to take his goods, did not affect his right to
damages, although it should be considered in mitigation of damages;
    (4) Although the rule of damages for detention of goods frequently
applied is the difference between the market value thereof at the time
they were converted by the defendant and their market value at the
time when they were returned, that is not the only rule of damages
in such cases; and it was proper to consider interest on the value of
the property detained as an element of damages, but not as interest;
    (5) The damages awarded for interruption of business were for
injury to the orderly conduct of business and not for profits lost and
properly were awarded.
At the hearing of the suit above described, the judge had before him in
evidence the kind of business and the character of the stock in trade,
and the plaintiff testified and described his conduct of the business.
*Held,* that, although the evidence as to the amount of damages result-
ing from interruption of the lessee's business was scanty, the finding
was warranted.

In the suit in equity above described, the defendant in his answer set up a claim that the plaintiff was indebted to him under the lease for rent and electricity. The plaintiff filed no answer to the counterclaim as required by Rule 26 of the Superior Court (1932). Evidence was heard, without objection by the plaintiff, showing the amount due from him to the defendant for rent and electricity, and the judge found the amount thus due, but ruled that the counterclaim did not arise out of the same transaction as that set forth in the bill and that the defendant could not enforce it in the suit. Upon appeal by the defendant, it was *held,* that

(1) The counterclaim, which was "of a legal nature" only, did not arise out of the transaction which was the subject matter of the bill, and therefore was not proper under Rule 32 of the Superior Court (1932);

(2) The plaintiff, however, by failing to answer the counterclaim as required by Rule 26 and by not objecting to the evidence pertaining thereto at the hearing, had waived his right to object to the counterclaim;

(3) The decree must be reversed, and a new decree ordered recognizing the defendant's right to insist upon his counterclaim.

The word "transaction" in Rule 32 of the Superior Court (1932) should not be construed narrowly or technically, but should be construed in a sense to effectuate the settlement in one proceeding of controversies so closely connected as appropriately to be combined in one trial in order to prevent duplication of testimony, to avoid unnecessary expense to the parties and to the public, and to expedite the adjudication of suits. Per RUGG, C.J.

BILL IN EQUITY, filed in the Superior Court on December 13, 1932, and afterwards amended.

The suit was heard by *Weed,* J., the evidence being reported. Material evidence and facts found by him and a final decree entered by his order are described in the opinion. The defendant appealed.

*R. Donovan, (V. H. Willard* with him,) for the defendant.

*R. H. Cooper, (J. Charles* with him,) for the plaintiffs.

RUGG, C.J. The plaintiffs allege in substance in this suit in equity that they leased certain premises from the defendant for a term of years; that the defendant has wrongfully withheld from them possession of their goods, wares and merchandise constituting their stock in trade in the leased premises, and has excluded them from gaining access to their leased premises for the purpose of removing their personal property; that the defendant had no lawful right thus to distrain their property; that by such unlawful

withholding possession of their goods from the plaintiffs the defendant has caused them great damages; and that demand has been made upon the defendant for possession of their goods, which has been refused. The prayers are for a mandatory injunction ordering the defendant to surrender to the plaintiffs their goods and restraining the defendant from interfering with removal of their goods, for assessment of damages caused to the plaintiffs by such wrongful withholding of their goods, and for further relief. The answer of the defendant admitted the lease and set up nonpayment by the plaintiffs of the rent reserved to the defendant in the lease and authority for the defendant under the terms of the lease to reënter into possession of the demised premises for such nonpayment of rent, denial of distraint of property of the plaintiffs and denial that demand had been made upon it for the goods. The defendant further answered that the plaintiffs are indebted to it for rent from May 15, 1932, and for light from February 1, 1932, and prayed that the indebtedness due from the plaintiffs be determined and that execution issue therefor. On the face of the pleadings the case presented by the plaintiffs was one for equitable replevin of merchandise and assessment of damages for detention, and a counterclaim pleaded by the defendant.

The judge who tried the case made a report of material facts and an order for final decree. In substance he found that the plaintiffs from and after May 15, 1932, failed to pay the rent reserved in the lease and to pay for electricity furnished to the demised premises as stipulated in the lease. On or about November 1, 1932, the defendant turned off the supply of electricity to the premises and thereafter entered upon and took possession of the premises for breach of the covenant to pay the rent reserved, as provided in the lease, and for the purpose of terminating the lease, and put a padlock on the door of the store. Subsequently, and after this suit was instituted, the plaintiffs with the consent of the defendant removed their merchandise from the store. At the trial the plaintiffs conceded that there is no longer occasion for a decree for the return of the merchandise but

urged that the suit be retained for assessment of their damages caused by the detention of their merchandise by the defendant. After summarizing briefly the conflicting evidence, the judge found upon all the evidence "that the defendant wrongfully withheld said property from the plaintiffs from the time when it took possession of the demised premises until the plaintiffs were permitted to take away said property in January, 1933, and that the plaintiffs are entitled to damages therefor to the amount of interest for said period on the value thereof, to wit, the sum of $8.12, and in addition thereto the sum of $90 for damages for the interruption of their business." The judge also found, if material, the amounts owed by the plaintiffs to the defendant for rent and electricity under the lease at the time it was terminated, but ruled as matter of law that this alleged counterclaim did not arise out of the same transaction as did the subject matter of the suit, and that the defendant could not enforce it in this suit.

A final decree was entered adjudging that the defendant wrongfully withheld from the plaintiffs their goods so that they could not be replevied, and that the defendant owes the plaintiffs for damages suffered by them by reason of such withholding the sum of $98.12, and ordering payment thereof with interest together with costs in a specified sum. The appeal of the defendant brings the case here with full report of the evidence.

The evidence, largely from witnesses heard orally by the trial judge, need not be narrated. It is enough to say that it has been carefully examined. It fully justifies the findings made. Those findings cannot be pronounced plainly wrong. They must stand and be accepted as true for the purposes of this decision. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 142. *Lindsey* v. *Bird*, 193 Mass. 200. *Donnelly* v. *Alden*, 229 Mass. 109, 114. Even if the defendant was warranted under the lease in repossessing itself of the demised premises for breach of the covenant by the lessees to pay rent, there was ample evidence that the defendant unlawfully prevented the plaintiffs from obtaining possession of their merchandise in the store and retained the same

in its own custody for a considerable time. It is plain that by this conduct the plaintiffs were prevented from carrying on their business and the custody of their property was taken away from them. The defendant is liable in damages for the consequences of such illegal conduct. Interruption of business and deprivation of possession of their property are elements of damage for which the plaintiffs are entitled to recover. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, 235–238.

The circumstance that after the lapse of several weeks their goods were returned to the plaintiffs does not affect their right to damages, although entitled to weight in mitigation of damages. The plaintiffs did not seek the difference in market value at the time the goods were converted by the defendant and when they were returned. That is a rule frequently applied. *Jackson* v. *Innes,* 231 Mass. 558, 560. They did not try this case on that theory. That is not the only rule of damages. See *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, at pages 235–238, where the subject is discussed at large. Interest on the value of the property detained was a proper element for consideration in the conditions here disclosed. It is allowed not as interest but as a part of the plaintiffs' damages. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126. *Ainsworth* v. *Lakin,* 180 Mass. 397, 402. *Cochran* v. *Boston,* 211 Mass. 171, 172. *H. D. Foss & Co. Inc.* v. *Whidden,* 254 Mass. 146, 152. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 451.

Interruption of business caused by the unlawful detention of the stock of the plaintiffs used in conducting retail or wholesale trade is a factor rightly to be considered in assessing damages in a case like the present. This is an attempt to recover for injury to the orderly conduct of business and not for profits lost. *Antokol* v. *Barber,* 248 Mass. 393, 396. *Whitcomb* v. *Reed-Prentice Co.* 262 Mass. 348, 360.

The specific evidence touching the damages arising from the interruption of business was not very definite or clear. In the nature of things it would be difficult to prove where the business had not been long established and was not

altogether stable in its nature. But the interruption of business caused by the wrongful act of the defendant was proved by definite and clear evidence. The kind of business, the character of the stock in trade, the plaintiffs in person and their description of their conduct of the business were all before the trial judge. This evidence was somewhat scanty, but was enough in all the circumstances to afford basis for estimating such damages as here were awarded. The use of knowledge of practical affairs and judicial sense would enable a decision to be made in accord with justice. On this point the case falls within the authority of numerous decisions. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. *Cross* v. *Sharaffa,* 281 Mass. 329, 331–332. *Parker* v. *Levin,* 285 Mass. 125, 129. *Story Parchment Co.* v. *Paterson Parchment Paper Co.* 282 U. S. 555, 563–566.

The trial judge ruled that the counterclaim of the defendant for money due it from the plaintiffs for rent reserved in the lease and for electric light furnished them could not be enforced in this proceeding. It is provided by Rule 32 of the Superior Court (1932) applicable to suits in equity: "The answer, without cross bill, must set up any counterclaim, against any one or more of the parties, arising out of the transaction which is the subject matter of the suit, which might be the subject of an independent suit in equity. The answer may set up (a) any counterclaim of a legal nature, against any one or more of the parties, arising out of such transaction, or (b) any counterclaim against the plaintiff alone, not arising out of such transaction, which might be the subject of an independent suit in equity . . . ." Plainly the counterclaim alleged against the plaintiffs by the defendant in its answer is purely contractual in nature. It consists of two debts arising under the lease, one for rent, the other for electric light furnished by the defendant. These are not the subject of an independent suit in equity. They are foundation for an action at law alone. Therefore, they do not fall within the first sentence or (b) of the second sentence of Rule 32. The question is whether, being a "counterclaim of a legal na-

ture," they arose "out of such transaction," that is, "the transaction which is the subject matter of the suit." The subject matter of the present suit was equitable replevin of the plaintiffs' stock of merchandise, of the possession of which they were unlawfully deprived by the defendant. G. L. (Ter. Ed.) c. 214, § 3 (1). After the merchandise had been returned to the plaintiffs by the defendant, the suit was rightly retained for the assessment of damages. *United Shoe Machinery Co.* v. *Holt,* 185 Mass. 97, 101. *Byrne* v. *Gendreau,* 279 Mass. 77, 80. But that did not change the nature of the proceeding. It remained a suit in equity. It can be ended only by a final decree. The word "transaction" is doubtless one of somewhat broad import. A great variety of definitions may be found collected in 63 C. J. pages 769 *et seq.* It is not necessary to traverse that field. In the rule of court in question it should not be construed narrowly or technically, but should be construed in a sense to effectuate the settlement in one proceeding of controversies so closely connected as appropriately to be combined in one trial in order to prevent duplication of testimony, to avoid unnecessary expense to the parties and to the public, and to expedite the adjudication of suits. It has been said that in "a general sense, a transaction is where both causes of action proceed from the same wrong." *Metropolitan Casualty Ins. Co.* v. *Lehigh Valley Railroad,* 94 N. J. L. 236, 239. In *Konick* v. *Champneys,* 108 Wash. 35, it was held that an action by a grocer for assault while attempting to deliver goods to his customer in an apartment house owned by the defendant, committed upon him by the defendant, could not be joined with an action for an injunction against the same defendant to prevent him from wrongfully refusing to allow the grocer to enter the same apartment house to make delivery of goods sold by him to tenants because, although constituting different causes of action, they did not "arise out of the same transaction" and therefore could not be joined under the governing statute. On the same ground actions for breach of warranty in the sale of a gun and for negligence in manufacturing the same gun were held improperly joined in *Reed* v.

*Livermore,* 101 App. Div. (N. Y.) 254. The implications of our own decisions are to the same effect. *Mackintosh* v. *Chambers,* 285 Mass. 594, 597, and cases cited. *Canning* v. *Shippee,* 246 Mass. 338. See *Baltimore Steamship Co.* v. *Phillips,* 274 U. S. 316, 321. Rule 32 of the Superior Court (1932) recognizes and preserves the principle of equity practice that a cross bill can properly bring into a case only controversies pertinent to the transactions stated in the bill. *Martin* v. *Murphy,* 216 Mass. 466.

It is clear that the counterclaim of the defendant for rent and the sale of electric light does not arise out of equitable replevin or out of damages flowing from the unlawful detention of a stock of merchandise and the consequent interruption of business in which it was used. They are transactions utterly different in character. Even though neither transaction might have come into existence if the lease had never been made, these diverse causes of action cannot properly be held to arise out of the transaction which is the subject of the suit of the plaintiffs.

We are of opinion, however, that this point is not open to the plaintiffs. It is provided by Rule 26 of the Superior Court (1932) that, while in general the plaintiff may not file any reply to an answer, if "a counterclaim is included in the answer in equity, a party against whom such . . . counterclaim is asserted shall reply within ten days after receipt of the copy of such . . . counterclaim sent to him under Rule 21." It does not appear in the record before us that any such copy was sent to the plaintiffs and no reply appears to have been filed by them. The report of the evidence shows that evidence was introduced at the trial without objection or exception by the plaintiffs, showing the amount due from them to the defendant for rent and electric light. This constituted a waiver by the plaintiffs of objection to the counterclaim of the defendant based on the ground of want of equity. *Baker* v. *Langley,* 247 Mass. 127, 132. *Martin* v. *Murphy,* 216 Mass. 466, 468. *Pothier* v. *Doucette,* 276 Mass. 326, 332. *Adams* v. *Silverman,* 280 Mass. 23, 28. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479.

The trial judge ruled as matter of law that the counterclaim could not be enforced because not arising out of the same transaction as that set forth in the bill. He did not exercise his discretion under the fifth paragraph of Rule 32 of the Superior Court (1932) by striking out the counterclaim because it could not be conveniently determined. In truth he determined the counterclaim.

The result is that the decree must be reversed. A new decree may be entered establishing the amounts due the plaintiffs from the defendant as already found, with correction as to interest, and containing a new paragraph establishing the amount due from the plaintiffs to the defendant for rent and electric light and ordering execution to issue in favor of the defendant for the balance due, without costs to either party. The details may be settled in the Superior Court.

*Ordered accordingly.*