Pettingell, J.
Action of contract or tort. The plaintiff gave his dog to the defendant for safe keeping and boarding at the defendant’s dog kennel. Through the negligence of the defendant the dog escaped. The plaintiff spent money in advertising, and used his time and his automobile in a search for the dog.
The trial judge found as fact that the escape of the dog was due to the negligence of the defendant or his servants or agents; that he was recovered in an adjoining town through the efforts of the plaintiff; that the plaintiff in good faith incurred expense in the search, viz.:
For gasoline used in the plaintiff’s own car
in searching for the dog................$20.00
For advertising in various papers........12.80
For telephone calls..................... 2.15
Total $35.01;
*346 and that these expenditures were reasonable. He found for the plaintiff in the amount of $35.10.
The fundamental issue in the ease is the rule of damages to be applied. Both plaintiff and defendant claimed a report to the Appellate Division.
The plaintiff’s contention is, that, in addition to the expense allowed by the trial judge, he should have allowed the plaintiff the value of the plaintiff’s time consumed in the search.
The defendant’s contention is that in no event could the damages exceed the market value of the dog at the time of its escape, plus interest on that amount.
Both plaintiff and defendant filed requests for rulings, embodying their respective contentions, which were denied by the trial judge.
The general rule is that damages for conversion are the market value of the chattel taken at the time of the conversion. Pierce v. Benjamin, 14 Pick. 356, at 361. There are cases, however, in which a chattel has no market value, and the rule of damages may be its replacement cost. Stickney v. Allen, 10 Gray 352, at 356. Mather v. American Express Co., 138 Mass. 55, at 57. Murray v. Postal Telegraph-Cable Co., 210 Mass. 188, at 196. Hebbard v. McDonough, 245 Mass. 204, at 211. It may be, also, that the property has no replacement value, and no market value, in which ease the measure of damages is the special value to the plaintiff. Green v. Boston & Lowell Railroad, 128 Mass. 221, at 226. Weston v. Boston & Maine Railroad, 190 Mass. 298, at 300.
“It is settled that ordinarily the measure of damages in an action for conversion is the fair and reasonable market value of the property with interest, or what the property was actually worth if there was no market value, or the special value to the owner if the article had an inappreciable commercial value.” Jackson v. Innes, 231 Mass. 558, at 560.
*347 See also, Beale v. Boston, 166 Mass. 53, at 55. C. W. Hunt Co. v. Boston Elevated Railway, 199 Mass. 220, at 235. Hall v. Paine, 224 Mass. 62, at 68. Woonsocket Machine Press Co. v. New York, New Haven & Hartford Railroad, 239 Mass. 211, at 214.
In such a case as the one under consideration, the value of the article converted, by whatever set of values determined, becomes material, because where the property converted is subsequently restored to its owner, the defendant is entitled to credit the value of the property returned against the plaintiff’s loss in mitigation of the damages suffered.
In Greenfield Bank v. Leavitt, 17 Pick. 1, the plaintiff entrusted to the defendant two packages of money totalling $12,030, which the defendant negligently lost. The plaintiff offered rewards for the return of the money and in time recovered all but $57.00 of the amount lost, paying out in rewards, a total of $378. The defendant contended that the plaintiff’s recoverable loss was $57.00. The court ruled that the value of the property returned was to be reduced by the reasonable expense incurred in securing its return. The jury returned a verdict for $1009, which was sustained.
The return of the goods does not purge the trespass, nor bar the action, but if the goods are returned in as good a condition as when taken, the return prevents a recovery for the full value of the goods. Kaley v. Shed, 10 Met. 317, at 319.
‘ ‘But the judge instructed the jury, that the horse and carryall having come back into the possession of the plaintiff, the rule of damages, was their value at the time of the conversion, less their value on their return to the plaintiff’s hands; that in determining said deteriorated value it was competent for the jury to consider "among the elements of the damage, not only the actual cost of putting the carriage in a roadworthy state, but also any injury to the paint or to the gloss of the leath *348 er, or to the general looks of the carriage, so far as such injury diminished the fair market value of the carriage; and that so far as the horse was injured from thus having run away, and thereby rendered of less value when returned, that was a proper element of damages for their consideration.”
The Supreme Judicial Court held that there was no error in this instruction. Lucas v. Trumbull, 15 Gray 306, at 308, 310.
It is to be noted that in the case last cited, as in the case of Greenfield Bank v. Leavitt, 17 Pick. 1, the items with which the defendant is charged are not allowed as direct damages, but instead go to a diminution of the amount with which he is credited in mitigation by the return of the goods.
“If the goods have by any means been restored to the owner, it goes in mitigation of damages, but only to the extent of their market value at the time of the restoration, and less all seasonable intervening charges; so much only is deducted by way of mitigation from the damages as the plaintiff has in fact already received.” Cutting v. Grand Trunk Railway, 13 Allen 381, at 388.
“If after the conversion the property is returned and accepted as in the present case, acceptance mitigates and limits the damage to the difference between the value of the property when converted and the time when it is returned.” Jackson v. Innes, 231 Mass. 558, at 560.
“If the owner has retaken the goods, the damages are likewise based upon the value at the time of conversion; but in mitigation of those damages the wrong doer is entitled to credit for the value of the goods at the time of the return, though he is chargeable with the value of the use of which the owner has been deprived during the period of wrongful detention. * * * One who converts goods to his own use becomes responsible for them, and any depreciation or loss though occurring without his fault, falls upon him.” Lawyers Mortgage &c. v. Paramount Laundries, 287 Mass, at 361, 362.
*349 Not only is the defendant obliged to reduce the amount allowed him in mitigation by the amount of “the value of the use of which the owner has been deprived” and of the amount of “any depreciation or loss” occurring while the goods are in his possession, as stated in the case last cited, but he must reduce it by the amount of any reward reasonably offered, Greenfield Savings Bank v. Leavitt, 17 Pick. 1, by the amount of any deterioration suffered, Lucas v. Trumbull, 15 Gray 306; by the amount of all reasonable intervening charges; Cutting v. Grand Trunk Railway Co., 13 Allen 381; by the amount paid for attorney’s fees in recovering the property, Stern v. Knowlton, 184 Mass. 29, at 30; Berry v. Ingalls, 199 Mass. 77, at 80; by the amount of the loss of the use of the property during the period of detention, Jackson v. Innes, 231 Mass. 558; by the amount of the interest on the value of the property detained, and the amount of the owner’s loss through the interruption of his business, Potier v. A. W. Perry, Inc., 286 Mass. 602, 606.
In every case, however, the plaintiff must start with the value of the property converted at the time of the conversion. Failure on his part to prove that value entitles him to nominal damages only. Corsiglia v. French, 284 Mass. 211, at 216, 217.
In the case before us, the trial judge did not find the value of the plaintiff’s dog at the time of conversion. We do not decide here what rule of damages he should have used to find that value. That was to be determined by him, after a consideration of all the material evidence bearing on that point. That there was some such evidence is shown by the report, but no finding on that issue was made by the trial judge.
Instead, he found that the plaintiff had reasonably expended $35.01. As has been pointed out, this is not necessarily the amount which the plaintiff is entitled to recover. *350 It is an amount which the defendant is obliged to deduct from the amount allowed him as a “credit” (see Lawyers Mortgage &c. v. Paramount Laundries, 287 Mass. 361) because of the recovery of the dog by the plaintiff.
This distinction becomes important if the expense incurred by the owner is greater than the value of the article lost. It is apparent that there must be some limit to the amount which an owner can expend, even reasonably, to secure the return of his property. Reasons of sentiment may induce him to go to expense, reasonable in nature, but unreasonable in amount, when judged by the value of the lost article. The maximum liability of the defendant, as established by the cited cases, clearly appears to be the value at the time of the conversion, whether fair market value, replacement cost, or value to the owner. If there is no mitigation of damages, no larger amount than the value can be recovered. If there is mitigation of damages by a recovery, the damage is reduced by the value of the property returned. The expense incurred goes only to reduce the amount of mitigation. If that expense exceeds the amount of mitigation, any excess does not enlarge the damage.
There was prejudicial error, therefore, in the denial of the defendant’s ninth request to the effect that “The limit of defendant’s liability in this case is thei value of the dog plus interest”. That ruling should have been given, the value of the dog at the time of conversion found, then his value at his return, less any reasonable expense incurred by the plaintiff, determined; the difference between the two values thus found is the loss which the plaintiff has suffered.
Inasmuch as there is to be a new trial in any event, we do not pass upon the other issues raised by the parties.
The finding for the plaintiff is to be vacated and the case is to stand for a new trial.