Wilson, J.
This is an action in tort in which the plaintiff seeks to recover damages to his automobile. The answer is a general denial and contributory negligence.
*334 The liability of the defendant was conceded and the only question was whether the trial court applied the correct rule in the assessment of damages.
At the trial there was evidence tending tó show and the court found as follows:
“Plaintiff purchased a 1929 Pontiac Sedan in 1932. Being a graduate of Wentworth Institute and mechanically inclined, he made alterations and repairs from time to time in this car. These consisted, in párt, of a larger body, different kind of glass, larger wheels and tires, remade motor and special brakes. In the meantime, he kept the car in excellent running condition and testified that he could 'get twenty-one miles to the gallon.
“In 1942 the car was in an accident, which was admittedly the sole fault of the defendant. The evidence indicated that the car was towed away from the scene nf the accident at a cost of $10 and that it would cost $200.90 to put the ear into substantially the same condition that it' was before the accident. It was agreed that the car had no fair market value before the accident outside of a junk value of $35 and that it had no value at all after the accident.
“It is the contention of the plaintiff that a reasonable 'charge of restoring the car to substantially the same condition as it was before the accident, having in mind the special features thereof, plus the towing charge of $10 — that is to say $210,.90', is the measure of damages.
“It is the defendant’s contention that the measure of damages is the fair market value before the accident, in this instance $35, plus a $10' towing charge. ’ ’
After finding the- facts as heretofore stated, the court made the following ruling:
“In the opinion of the court neither measure of damages is correct in a situation like this. If the purpose of damages is, within reason to restore plaintiff to his previous condition it would seem as if the nearest approach to this would be not to give him *335 money enough to rebuild a freak ear, but to give him an amount which would enable him either to repair the damaged car with normal parts, if possible, or to purchase a car as good, practically speaking, as his own car had been. It is impossible, however, to apply that test in this instance because there was no evidence as to what such repairs would cost or what such a car would cost. The court suggested to counsel the advisability of submitting such testimony, but neither counsel cared to do so. The finding reflects the largest amount that the actual evidence warrants.”
The court found for the plaintiff for $45.
The plaintiff filed several requests for rulings. Those denied by the trial judge as to which the plaintiff now claims error, are the following’:
“2. If the Court finds the plaintiff’s automobile was obsolete or not marketable or had a special body and/or because of these circumstances was of intrinsic and special value to him the plaintiff is entitled to recover in damages the full cost of repairs.
“3. The only way in which the plaintiff can be ‘made whole ’ for the loss sustained by him by reason of the damage to his automobile caused by the collision would be to have his automobile restored to the same condition in which it was just prior to said collision.
“4. Because of the unique and individual character of the plaintiff’s automobile no trustworthy evidence could be submitted as to' the market value — if the Court finds that it had little or no market value the only way in which the plaintiff can be returned to ‘status quo’ is to restore his automobile to the condition it was prior to the accident and therefore the proper measure of damages is the reasonable cost of accomplishing this.
“5. The only way that the plaintiff can be adequately compensated for the loss suffered by him entirely through the negligence of the defendant is to restore his automobile to the condition it was prior to the accident.
“6. If the proven cost of repairs as shown to the Court is reasonable and not excessive, the Court is correct *336 in applying such cost as the proper measure of damages.
“9. Where the difference in value of the automobile before and after the injury will not afford a fair measure of the owner’s real loss a different standard may be resorted to, such as the fair cost of repairs made necessary by the injury.”
The rule or measure of damages, where personal property has been injured or destroyed by the wrongful act or negligence of another, has been stated as follows:
“It is settled that ordinarily the measure of damages in an action for conversion is the fair and reasonable market value of the property with interest, or what the property was actually worth if there is no market value, or the special value to the owner if the article had an inappreciable commercial value.” Jackson v. Innes, 231 Mass. 558, 560. See also Hall v. Paine, 224 Mass. 62, 68. Beale v. Boston, 166 Mass. 53, 55. Murray v. Stanton, 99 Mass. 345, 348. Green v. Boston & Lowell Railroad Company, 128 Mass. 221, 226.
The same rule has been applied in other jurisdictions. Pedroli v. Scott, 31 A. L. R. 841, 844 (Nev.). Cadwell v. Stanton, 81 Conn. 288. Cook v. Packard Motor Car Company, 88 Conn. 590. Henderson v. Park Motor Service, 244 N. Y. S. 409. Western Union Telegraph Company v. Green, 48 A. L. R. 301 (Tenn.).
It has also been said:
“The plaintiff prevailing in an action of trover is entitled to recover the value of the goods at the time and place of conversion. . . . That is but one aspect of the general principle of damages that the plaintiff is to be made whole and compensated for what he has lost.” G. E. Lothrop Theatres v. Edison Electric &c. Co., 290 Mass. 189, 194. See also Rockwood v. Allen, 7 Mass. 254, 256. Sullivan v. Old Colony Street Railway, 197 Mass. 512, 516. Lowrie v. Castle, 225 Mass. 37, 47.
*337 In assessing damages, it’ has been said:
“But complete exactitude is not requisite in the assessment of damages.” New York, N. H. & H. R. R. v. Pierce Coach Lines, 281 Mass. 479, 483.
“The use of knowledge of practical affairs and judicial sense would enable a decision to be made in accord with justice.” Potier v. A. W. Perry, Inc., 286 Mass. 602, 607.
‘ ‘ That it is difficult to ascertain the damages or that they depend upon events which are contingent, uncertain or matter of opinion, is no sound objection to the recovery.” Cross v. Sharaffa, 281 Mass. 329, 332. Maynard v. Royal Worcester Corset Co., 200 Mass. 1, 8.
And the measure of damages is the same general principle of full compensation, whether the action is in tort for negligence or conversion, or in contract. Atwood v. Boston Forwarding, &c. Co., 185 Mass. 557. Jackson v. Innes, 231 Mass. 558, 560. Green v. Boston & Lowell Railroad Company, 128 Mass. 221.
In the instant case, although the car in the beginning was a 1929 Pontiac, it had been changed so much at the time of the accident that it could not be easily recognized as the stock car of that year. The plaintiff is entitled to full compensation. If the car had no market value, then the plaintiff is entitled to recover the actual or special value to him. The sum of money necessary to repair the car, so that it would be in as good condition as it was before the accident, is some evidence of damages. The plaintiff had the right to be operating an unusual or unique car upon the highway, and if it was injured by the wrongful act of another, he was entitled to full compensation.
It follows that the trial judge was wrong in instructing himself as to the measure of damages in the instant case.
The report recites that:
*338 “It is agreed that this case is to be determined by the Appellate Division solely on the question of damages, i. e., if the Court is correct in its measure of damages, the finding of $45 is to stand, but if the Court erred in the measure of damages, then damages are to be awarded for the plaintiff in the sum of $210.90 without the necessity for further trial.”
Because of said agreement and stipulation, we have not deemed it necessary to pass upon the plaintiff’s requests for rulings except to say that the second, third, fourth and fifth were properly refused; Cameron v. Buckley, 299 Mass. 432, 434. Gibbons v. Denoncourt, 297 Mass. 448, 454. Commonwealth v. Dawn, 302 Mass. 255, 263; while it was error to refuse the sixth and ninth.
Because of said agreement and stipulation, judgment will be entered for the plaintiff in the sum of $210.90, and it is so ordered.